Elkins *vs.* The State of Georgia.

No. 63.—ANDREW ELKINS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where a Statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes which it contains; but on the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may, in all respects, correspond with the Statute.

[2.] Upon the trial of a prosecution for retailing liquor without a license from the Inferior Court, the testimony of the Clerk of that Court is admissible to prove that no license had been granted to the defendant.

Indictment for retailing spirituous liquors without license. Tried before Judge IVERSON, in Taylor Superior Court, May Term, 1853.

The indictment in this case charged, "that the said Elkins, on the fifteenth day of February, in the year eighteen hun-

dred and fifty-two, in the County and State aforesaid, did sell, by retail, spirituous liquors in quantities less than one quart, to one Cornelius Brantly, to wit: one gill of whiskey, without license from the Inferior Court of said County," &c.

On the trial, counsel for defendant demurred to the bill of indictment, upon the ground that it did not charge, " that the defendant had not been licensed to retail spirituous liquors by the corporate authority of any town or city, where, by law, authority to grant license is vested in the corporate authorities of such town or city." The Court overruled the demurrer, and counsel for defendant excepted.

The Solicitor General then proved, by the Clerk of the Inferior Court of Taylor County, that no license had been issued to defendant, authorizing the defendant to sell, by retail, spirituous liquors.

To which evidence counsel for defendant objected, upon the ground,

That the record of such license was the highest evidence.

The Court overruled the objection, and counsel for defendant excepted, and upon these exceptions has assigned error.

REESE, for plaintiff in error.

Sol. Gen. BROWN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The section of the Penal Code under which the plaintiff in error was indicted, is in the following words: " If any person shall keep a tippling shop, or retail liquors, or sell by retail in quantities less than one quart, any wine, brandy, rum, gin, whiskey, or other spirituous liquors, or any mixture of such liquors, in any house, boothe, arbor, stall or other place whatever, without license from the Inferior Court of the County, *except* in corporate towns or cities where, by law, authority to grant licenses is vested in the corporate authorities of such towns or cities, such person so offending shall be guilty of

a misdemeanor, and on conviction, shall be fined in the sum of fifty dollars, and on the failure to pay such fine, shall be imprisoned in the common jail for the space of thirty days." (*Cobb's N. D.* 818.)   There is but one possible construction to be put upon this section, and that is, that the offence is limited to the keeping of a tippling shop, or retailing liquors, or selling by retail, in quantities less than one quart, any wine, gin, rum, brandy, whisky, or other spirituous liquors, or any mixture of such liquors, in any house, boothe, arbor, stall or other place whatever, without a license from the Inferior Court, *outside* of a corporate town or city, where, by law, authority to grant licenses is vested in the corporate authorities of such town or city.   The doing the things enumerated in the Act, in a corporate town or city, having authority, through its corporate authorities, to grant licenses, is *expressly excepted* from the penalties prescribed.   To do the things enumerated any where in the State, is declared to be a misdemeanor, *except* in corporate cities or towns, whose authorities are vested with the power to issue licenses.   The exception goes to the offence and the penalties.   The inevitable legal result is, that doing the acts prohibited, without a license from the Inferior Court, *within* a corporate city or town, whose authorities are clothed, by law, with authority to grant licenses, is not an offence under the Penal Code.   The localities excepted are not simply *incorporated cities or towns.*   To be within the exception, the cities or towns must be not only incorporated, but their authorities *must be, in addition thereto, vested with authority, by law, to grant licenses.*   Hence, if any of the prohibited acts are done in a corporate town or city, whose authorities *are not* vested with power, by law, to issue licenses; without a license from the *Inferior Court,* the offence is complete.   So, also, it is complete, if such acts, without license from the *Inferior Court,* are done in a town or city whose authorities *are,* by law, vested with the power of granting licenses, yet which towns or cities *are not* incorporated.   What the Legislature really meant, we have no means of knowing, except from what they have plainly said.   It is to be supposed, outside the Act, that they did

not propose to exempt from punishment, him who, without a license from the Inferior Court, keeps a tippling shop, or retails liquors in a corporate town or city, whose authorities are vested, by law, with power to grant licenses, whether he had a license from the town or city or not, and, at the same time, to punish him who, without a license from the Inferior Court, with far less injury to public morality, and with far greater regard to peace, order and decency, should do the same *things* in hamlets, at cross-roads, or at his own retired home. The Legislature may, however, have intended to leave the punishment of retailers and tippling shop keepers, within corporate towns and cities, having power to grant licenses, who might keep tippling shops, or retail liquors therein without a corporate license, to the municipal authorities of such towns and cities. All other questions touching this whole subject being foreign to this case, we are invoked to put a construction upon this section of the Penal Code. The one we have given is the only construction, in our judgment, possible. We have no authority from the Constitution and Laws of Georgia, to make laws, or to supply defects in existing laws. Were there any doubt about this section in the Penal Code, it would be our duty, as it would be our pleasure, to favor that construction which would support the general policy of the law—a policy which meets the cordial, and I will add, the *earnest* approval of this Court—a policy which looks to the suppression of intemperance, and the untold, ineffable evils which follow in its train. Such being the law under which the plaintiff in error was indicted, the pleadings must conform to it. Our criminal pleadings are reduced to great simplicity. Yet neither the law nor the practice of our Courts have dispensed with the rule, that an indictment must, in its averments, bring the accused within the operation of the law for a violation of which he is put upon trial. It must make a case upon which, if proven, the Court would be enabled to adjudge the defendant guilty of a crime. This indictment charges the plaintiff in error simply with the offence of retailing spirituous liquors, in quantities less than one quart, without a license from the

Elkins *vs.* The State of Georgia.

Inferior Court. From the structure of the section which creates this offence, there can be no proper description of it, without averments which will deny to the defendant protection under the exceptions. They are not made in subsequent and independent sections, or by provisoes which set forth a ground of excuse or justification. They are inherent in the body of the definition of the offence, and cannot be separated from it. Were there here a general clause embracing a complete definition of the offence, a description of the offence according to that clause would be sufficient, even although exceptions were created by subsequent clauses, in the form of provisoes or independent sections. In such a case, the benefit of the exceptions must be taken by plea. The distinction is this: when a Statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment, that the defendant does not come within the exceptions, or to negative the provisoes which it contains. But on the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may, in all respects, correspond with the Statute. This is just the form in which the exceptions are stated in this Act. Every allegation in this indictment may be true, and yet the plaintff in error may be guiltless of any violation of the law; for the facts stated do not necessarily constitute an offence by the law. It was necessary, therefore, for the indictment to have negatived the fact that the defendant was within the exceptions, or in some other form, (and as to that, this Court would not be strict or technical,) brought him within the purview of the Statute. Not having done this, it is, in our judgment, defective in a vital particular. 1 *Chitty's Crim. Law,* 233, 234, *top page.* 1 *Chitty's Pleadings,* 264. 2 *Hale,* 170. *Foster,* 430. 1 *Burrow,* 148. 1 *East. R.* 646, *notes.* 1 *T. R.* 144. 1 *Lev.* 26. *Com. Dig. Action, Statute.* 2 *Nott & McCord,* 365. 3 *McCord,* 442. 11 *Sheph.* 232. 5 *Eng.* 299. 18 *Verm.* 195.

[2.] We do not consider the objection to the testimony of the Clerk of the Inferior Court sustainable. He was called

by the State, to prove that no license to retail had been granted to the plaintiff in error, and the objection is, that the highest evidence of that fact is the record of the licenses granted. If the law required such a record to be kept, there would be more force in the objection, for then the presumption would be, no record of a license to the plaintiff in error appearing where the law directs it to be made, that none was issued. Even then the testimony of the officer whose duty it is to keep the record, that none had been issued, would be as high as the record itself. In this case the record was required, not to prove what is in it, but what is not in it, and thereby to show that the plaintiff in error retailed without a license. The exhibition of light by the presentation of darkness. *Lux a non lucendo.* But there is no law requiring such a record to be kept, and, therefore, the presumption that no license was granted, because there was no record of such granting, does not arise. The granting of the license not being required to be recorded, it may, in legal contemplation, have been issued, although there is no record of that fact. In this view of it, the testimony of the officer whose duty it is, under the direction of the Inferior Court, to issue the license, is the best and highest evidence.

Let the judgment below be reversed.