UNITED STATES v. The CAROLINE. See Case No. 15,854.

=====

## Case No. 14,727.

### UNITED STATES v. CARPENTER.

[20 Int. Rev. Rec. 137.]

District Court. N. D. Georgia. Oct. 21, 1874.

INTERNAL REVENUE—OWNERSHIP OF ILLICIT DISTILLERY—BOND—RECORDS—HOW PROVEN.

1. Where the statute does not require a copy of a bond to be made and preserved. or the bond to be recorded or otherwise chronicled in a book or other place, the testimony of the proper officer that no bond has been given, as required by law, is to be taken as evidence of the fact without the production of the records of his office. which would not be admissible as evidence.

2. Whoever aids in the act of illegal distilling is to be held responsible under the law without regard to ownership of the still or its product.

[This was an information against W. W. Carpenter. Heard on motion for a new trial.]

H. P. Farrow. U. S. Atty., and Geo. S. Thomas, Asst. U. S. Atty., for the Government.

Mr. Payne and W. F. Wright, for defendant.

ERSKINE. District Judge. The United States attorney filed a criminal information against the defendant for carrying on the business of distiller without having given bond. The grounds relied upon for a new trial are, (1) That the court erred in permitting the witness, Holtzclaw (the collector of internal revenue). to prove by parol, over the objections of defendant, that he had examined the books and papers in his office, and he had been unable to find the bond of the defendant on file there. Defendant's counsel insisting that the legal mode of proving the facts would be, by the production, in open court, of the books and papers. or by showing, after diligent search, their loss or destruction, or that they were otherwise inaccessible to the court or defendant; and that parol evidence was not admissible, "because the witness testified that the papers were in his office in Atlanta. and could"

(therefore) "have been reached by subpœna duces tecum." (2) "Because the court erred in ruling out that part of the evidence of Randolph Jones which proved that James Carpenter. who was present with defendant and exercising acts of ownership, and while in possession and exercising acts of ownership, and in presence of said defendant, declared that the still was his, the said James Carpenter's, and not defendant's, the declarations being made while he was engaged in the acts constituting him, the said James, a distiller.

The testimony was as follows, to wit: Holtzclaw testified: "Have examined the books and papers in my office back to the first of January, 1874, and found no bond executed by defendant as a distiller; have made a pretty thorough examination. No such paper in my office, no bond filed, none given. Books and papers in my office." Randolph Jones sworn: "Saw defendant and his son. James Carpenter, at a still-house in this district; saw defendant assist James in pouring some warm water upon some meal." Cross-examination: "James Carpenter, while at the still-house, told witness that he (James) owned the still-house, and that he made this declaration while in the still-house and exercising acts of ownership."

When the statutory prerequisites are complied with (see the arts. passim), the applicant must make a bond with sureties, conditioned that he will faithfully comply with the law, etc. It is the duty of the collector to approve the bond, after which the party may begin distilling. It was not questioned that the collector is the proper custodian of the bond. after it has been approved by him. or that his office is the place to lodge and preserve it. But it was urged that the legal mode of proving that no bond had been given, was by the production. in court, of the books and papers, or by showing their loss; or destruction, or their inaccessibility; and that parol evidence was inadmissible because Holtzclaw testified that the papers were in his office and could be reached by subpœna duces tecum. Holtzclaw swore that he had examined the books and papers. in his office back to the 1st of January, 1874. and found no bond of defendant's—no such paper there; no bond filed. none given.

It seems to me that the testimony disposes of the first objection taken; for as the statute does not require a copy of the bond to be made and preserved, or the bond to be recorded or otherwise chronicled in a book or other place, the production of books or papers would not be admissible as evidence. Indeed, if the objection and its legal effect be fairly tested, it, in its consequences. goes to this extent: if no bond could be discovered in the collector's office, and the books and papers of his office were produced under a subpœna duces tecum, in court, and no evidence could be found in them. showing that defendant had given the bond as required by

law, or if given and approved, that the bond had since been lost or destroyed, the burden of proof would be shifted from the prosecutor to the defendant. But as already remarked neither the books nor papers would be legal testimony. So then, the burden of proof was changed when the witness, Holtzclaw, testified that no bond could be found in his office; that none had been filed; further, that none had been given. See Elkins v. State, 13 Ga. 435.

As to the second point, that the court erred in ruling out the admissions of James Carpenter made in the presence of the defendant, that he, James Carpenter, and not the defendant, owned the still, (still-house says the evidence); and that this declaration was made while said James was exercising acts of ownership, and engaged in acts which constituted him a distiller; the court was of the opinion that this testimony was irrelevant. It will be remembered that, in misdemeanors, all contrivers, aiders and procurers are principals. And the statute does not make it an ingredient, that the party carrying on a distillery shall be the owner or part owner of the still. The admission was made while James Carpenter was doing acts which constituted him a distiller and the defendant was assisting by pouring warm water upon meal. Therefore, if the defendant did, in the least degree assist in procuring or contriving the committing of the illegal act, he would not in anywise be excused because the still belonged to another. And it may be remarked that the evidence is, that James Carpenter, in the defendant's presence, said that the still-house was owned by him, (James) and not by defendant; which language, if taken in a general sense, would not, strictly speaking, mean the vessel and apparatus, but simply the house. But as the expression "still-house" may have been intended, before used by James Carpenter, to include the still, the defendant should have the doubt resolved in his favor. And this might have been favorable to a new trial, if the act of congress had made ownership an element in constituting a person a distiller.

Motion for a new trial overruled.

UNITED STATES v. CARPENTER. See Case No. 15,121.