## ISOM v. THE STATE OF GEORGIA.

An indictment for assault with intent to murder by stabbing, includes
the minor offence of stabbing, and a verdict finding this minor
offence need not negative the exception in the statute by setting
out that the stabbing was not done by the prisoner "in his own
defence or other circumstances of justification"; the meaning of
the verdict, construed in the light of the indictment, being that
the accused was guilty of the offence, and not of the mere act, of
stabbing.

July 8, 1889.

Criminal law. Verdict. Motion in arrest of judg-
ment. Before Judge BOWER. Dougherty superior
court. October term, 1888.

The defendant excepted to the overruling of his mo-
tion in arrest of judgment on the following ground:
Because there is no charge in the bill of indictment that
the stabbing was done " not in his own defence or other
circumstances of justification," nor is it so stated in the
verdict, as the court directed that it should be done, in
the event the jury found a verdict of guilty of stabbing,
and as required by law.

D. II. POPE, for plaintiff in error.

W. N. SPENCE, solicitor-general, by brief, for the
State.

BLECKLEY, Chief Justice.

The indictment had but a single count. It charged
the offence of assault with intent to murder, by cutting
and stabbing with a razor, or other sharp instrument
to the jurors unknown. The verdict was, " We, the
jury, find the defendant guilty of stabbing." Should
the motion in arrest of judgment have been sustained?

Section 4369 of the code reads as follows : " Any
person who shall be guilty of the act of stabbing an-
other, except in his own defence or other circumstances
of justification, with a sword, dirk or knife, or other
instrument of the like kind, shall, on conviction, be

punished as prescribed in section 4310 of this code: Provided, always, that if such stabbing shall produce death, the offender shall be guilty of murder or manslaughter, according to the facts and circumstances of the case; or if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit the crime of murder, then and in such case, the offender shall be guilty of the offence of an assault with intent to commit murder."

Had the indictment charged the offence of stabbing only, it should by its terms have negatived the exception in the statute; that is, it should have alleged that the act of stabbing was not done by the accused " in his own defence or other circumstances of justification." *Elkins* v. *The State*, 13 *Ga.* 435. But as the offence charged was assault with intent to murder by stabbing, the exception was impliedly negatived by other terms found in the indictment, to wit, " with intent then and there unlawfully, feloniously and with malice aforethought, to kill and murder." *Arnold* v. *The State*, 51 *Ga.* 144. It follows that the kind of stabbing alleged in the indictment was criminal stabbing; and as verdicts are to have a reasonable intendment, and are not to be set aside unless from necesssity (code, §3561), the verdict should be construed as finding a criminal stabbing; that is, such as the indictment alleges; the meaning of the jury being that the offence committed, by reason of the intent to murder being absent, was not the major offence charged, but the minor offence included within it. The verdict is not in any sense a special verdict, but a general one finding the accused guilty of this minor offence. The distinction between a special verdict and a partial verdict will be seen by reference to 1 Bish. Crim. Proced., §§1006, 1009. A special verdict sets out the facts and leaves it to the court to form the conclusion of law. See *McGuffie* v. *The State*, 17 *Ga.* 498. A par-

tial verdict is one of conviction as to a portion of the charge, and acquittal or silence as to the residue. The whole of the charge in this bill of indictment was unlawful stabbing with intent to murder.. The part found by the jury was the stabbing alleged, but without intent to murder. It may be that all the decisions heretofore made by this court upon analogous questions, are not quite reconcilable. Most of them in which the verdicts were held incomplete, were not cases of a major offence charged and a minor offence found, but cases in which the verdicts applied directly to the offences expressly charged, but stopped short in their finding of the requisite facts to constitute those offences. Of this class are *Couch* v. *The State*, 28 *Ga.* 367, and *O'Connell* v. *The State*, 55 *Ga.* 191. In *Thomas* v. *The State*, 38 *Ga.* 117, however, the case belonged to the same class as the one we are now considering. The indictment was for murder, and the verdict was "guilty of involuntary manslaughter." The judgment was arrested because there were two grades of involuntary manslaughter, one punishable as a felony, the other as a misdemeanor, and the verdict not showing which of these grades the jury intended. On the other hand, in *Welch* v. *The State*, 50 *Ga.* 128, which was also an indictment for murder, the verdict was "guilty of manslaughter"; and there it was held that by legal intendment, the grade of manslaughter contemplated was the highest known to the law, to wit, voluntary manslaughter. Whether these two cases are in harmony with each other, we need not undertake to say, since the present case is distinguishable from them both. The offence of stabbing, as distinguished from assault with intent to murder and all other offences, is always of the same grade, and amenable to the same measure of punishment. It was of this offence that the verdict intended to find the accused guilty, and not of a bare act of stabbing. In the light of common sense, this is the only construction the ver-

dict admits of. If the jury had thought the evidence showed the act of stabbing by the accused was innocent, that is, done in self-defence or other circumstances of justification, they would have found him not guilty; because in that case he would not have been guilty of stabbing, as the verdict declared him to be. We are content to abide by and apply the principle enunciated in *Arnold* v. *The State*, 51 *Ga. supra*, tested by which there was no error in denying the motion to arrest the judgment.                    *Judgment affirmed.*