## KITCHENS *v.* THE STATE.

1. Where a statute provides in general terms that the commission of a given act by any person shall constitute a penal offense, and then provides that the law thus framed shall not apply to a given class of persons, it is not necessary that an indictment based upon the statute should aver that the accused does not belong to the class of persons thus excepted from the operation of the law.
2. The verdict was supported by the evidence, and the motion for a new trial contains no assignment of error which required the granting of a new trial.

Argued December 15, 1902. — Decided January 9, 1903.

Indictment for misdemeanor.　Before Judge Holden.　Glascock superior court.　November 7, 1902.

*R. H. Lewis*, for plaintiff in error.

*David W. Meadow, solicitor-general*, contra.

Cobb, J.　Kitchens was indicted under the Penal Code, § 342, for carrying a pistol to an election precinct.　In his bill of exceptions the accused complains of the overruling of a demurrer to the indictment, and of the refusal to grant his motion for a new trial.

1. The code section above referred to is as follows: " Whoever shall carry about his person any . . pistol . . to an election ground or precinct . . .shall be punished as for a misdemeanor. This section shall not apply to a sheriff, deputy-sheriff, coroner, constable, marshal, policeman, or other arresting officer, or their posse, acting in the discharge of their official duties."　The indictment was demurred to on the ground that it failed to allege that the accused was not an officer of the class to which the section does not apply.　The question thus raised was very fully and ably discussed by Mr. Justice Little in the recent case of *Herring* v. *State*, 114 *Ga.* 96, and it would be superfluous to add anything to that discussion.　While it was held in that case that the indictment should have contained the negative averment, the case is essentially different from the one now under consideration, and the reasoning of Mr. Justice Little shows very clearly that an indict-

ment under a statute like the one involved in the present case need not aver that the accused does not belong to the class of persons to which it was declared the law should not apply. In the *Herring* case, after a review of the authorities, the following rule was laid down: " If by the words of a statute particular acts done are declared to be a crime for which punishment is provided, the offense created is general and applicable to all, and an indictment which sets out the offense in the language of the statute is sufficient, notwithstanding there may be matters found in the body of the statute elsewhere which provide that a given class of persons, or persons with certain qualifications, shall not be convicted of that offense, or that certain existing conditions may be a justification for doing the act set out in the statute. In such a case the offense is a complete one as it stands stated, and it is not necessary, in framing the indictment, to negative the conditions under which the force of the statute may be avoided. These are matters of plea and defense to a general statutory crime. If, however, by the terms of a statute the doing of an act by a particular class of persons, or persons without certain qualifications, is declared to be a criminal offense, then the offense is not general; it does not apply to all, but is restricted to the class or condition of persons who may not lawfully do the act. ' In such a case the acts done amount to an offense only when done by particular persons, and in an indictment charging the offense it is absolutely essential that facts should be set forth which clearly aver that the commission of the acts by the persons charged is an offense against the law." See pages 101—2. The case of *Hicks* v. *State*, 108 *Ga.* 749 (1), is directly in point. See also, in this connection, *Cook* v. *State*, 26 *Ga.* 604—5. Other distinctions than the one made in the foregoing quotation have been drawn. See, for example, *Elkins* v. *State*, 13 *Ga.* 435; *Williams* v. *State*, 89 *Ga.* 483. For our present purpose, however, the foregoing rule is amply sufficient. It is to be noted that the code section under which the indictment was framed is somewhat different from the acts from which it was codified. See Acts 1870, p. 421; Acts 1878—9, p. 64. It would seem that the rule which we apply to the code section would be equally applicable to the acts referred to ; but whether this be so or not, the section of the code is the last expression of the General Assembly on the subject, and by it the courts are to be guided. By the code it is made a gen-

eral offense to carry a pistol to an election ground or precinct. By the first sentence of the section it is made an offense for any one to do this act. We thus have in the first sentence a general complete offense applicable to all persons. The second sentence of the section merely designates a class to which the law shall not apply, that is, simply limits the operation of the law as defined in the first sentence of the section; but that law is no less a complete law within itself than if the latter part of the section had been omitted altogether. In other words, every essential ingredient of the law is contained in the first sentence of the section, and the latter part of the section is no part of the description of the offense, but merely prevents the offense as defined in the first part of the section from having a universal operation. If the accused belonged to one of the classes of persons to which the statute is not to be applied, it was incumbent upon him to prove it, and the State was not bound to carry the burden of proving that he did not.

The present case is to be distinguished from that of *Conyers* v. *State*, 50 *Ga.* 103, and similar cases. In the *Conyers* case the accused was indicted under a statute which made it penal for the keeper of a billiard-table to permit a minor to play billiards without the consent of his parent or guardian. It was not an offense to permit minors to play billiards, but it became an offense only when they did so without the consent of their parents or guardians; and consequently the absence of consent was an essential ingredient of the offense. If the statute had provided that it should be an offense to permit minors to play billiards, and then provided that the statute should not apply to that class of minors who had previously obtained the consent of their parents or guardians, the case would be similar to the one now decided.

2. The only special ground of the motion for a new trial complains that the court erred in allowing a witness for the State to testify that the accused was not an officer, over the objection of the accused that there was no allegation in the indictment to authorize such evidence. It does not afford the accused any cause for complaint that the State undertook to prove a fact which it was not incumbent upon it to prove. The State may properly be criticised for not proving enough to make out the offense, but not for proving too much. The burden was upon the accused to show that he was an officer of one of the classes mentioned in the statute, and

54

the fact that the State may have entered into a matter solely within the province of the defense, when the question thus propounded to the witness, if answered in the negative, could not operate to the prejudice of the accused, and if answered in the affirmative would have made out a complete defense to the indictment, does not afford him any cause for complaint. The accused made no effort to show that he was an officer, and he can not complain that the State needlessly introduced evidence that he was not.

The evidence, though not altogether satisfactory, was, in the opinion of the jury and of the judge who presided at the trial, sufficient to establish that the accused carried a pistol to the election precinct described in the indictment; and we are not prepared to say that this conclusion of the jury and the trial judge was entirely without evidence to support it.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*