## RUMPH *v.* THE STATE.

1. It is no defense to an indictment under the Penal Code, § 508, declaring that it shall be unlawful for any person to discharge firearms on or near a public highway, " except in defense of person or property, or on his own premises," that the firearms were discharged on the premises of another by his permission.
2. In a prosecution based upon such section it is necessary to allege and prove that the shooting was not done " in defense of person or property."

Submitted November 16, — Decided December 8, 1903.

Accusation of misdemeanor.   Before Judge Raines.   City court of Dawson.   October 24, 1903.

*W. H. Gurr* and *H. A. Wilkinson,* for plaintiff in error.
*M. J. Yeomans, solicitor,* contra.

COBB, J.   ·The plaintiff in error was convicted of a violation of the law contained in the Penal Code § 508, which is as follows: " If any person shall, between dark and daylight, wilfully and wantonly fire off or discharge any loaded gun or pistol on a public highway, and within fifty yards of a public highway, except in defense of person or property, or on his own premises, he shall be guilty of a misdemeanor. "   The evidence showed that the accused shot a pistol, about 9 o'clock at night, in the yard of one McCraw, about ten yards from a public road.   The accused contended in his statement that he shot the pistol by express permission of McCraw.   Complaint is made that the court charged the jury that the consent of McCraw would not authorize the acquittal of the accused.

1. We think there was no error in this charge.   The rule that " one may do for another whatever the other may do for himself " (see 1 Bish. New Cr. L. § 877 (3)) is subject to exceptions.   It is undoubtedly true that in many cases where the party injured consents to the commission of the act, no crime is committed.   But no man has a right to consent for another to commit an offense against the public.   The great majority of the penal laws are made for the protection of all the members of society, and not any particular individual or class of individuals.   The permission of no · person or number of persons will excuse the violation of this class of laws.   1 Clark & Mar. Crimes, § 150 ; 1 Whart. Crim. L. (10th ed.) § 142.

The law now involved was manifestly framed for the protection of the public.    It is aimed at the wilful and wanton discharge of firearms on a public highway, or within fifty yards of such a highway, and not on the premises of the person discharging the firearms.    It was perfectly competent for the General Assembly to protect the public against the wilful and wanton discharge of firearms by a person on his own premises.    But from motives which were satisfactory to their minds they have made this an exception. They have not excepted his guest, shooting by his permission, and the courts have no authority to make such an exception.    See, in this connection, *Brown* v. *State*, 114 *Ga.* 60.    It is perhaps true that the same reasons which influenced the legislative mind to except the owner would also be just ground for excepting his guest; but this will not authorize a construction of the statute which would make an exception not warranted by its terms.    If it were clear that the case did not fall within the spirit of the section, and constituted a right which was important to the protection of the person accused, the courts might be justified in holding that it was not within the legislative mind and not within the terms of the section, though perhaps within the letter of the language used.    See Bishop's Statutory Crimes, §§ 231, 235.    But we have no such a case as this.    It would not have been unwise to prohibit wanton and wilful shooting by all persons and in all places, and the fact that one exception was made is no evidence that another was intended, though it might be justified by the same line of reasoning. Nor can it be said that this view would prevent a guest from defending the person or property of his host by the discharge of firearms, if necessary (see 1 Bish. New Crim. L. § 877), because the use of the firearms under such circumstances would not amount to a wilful and wanton shooting.

2. It is also contended that it was incumbent upon the State to prove that the shooting was not done in defense of person or property.    The accusation charges that the shooting was not so done, but the evidence is silent on the subject.    This contention, we think, is well founded.    It is to be observed that it is not a violation of the statute to shoot in defense of one's person or property, no matter where the shooting takes place.    The fact that it was not so done is, therefore, an important element in the offense itself.    In other words, it is not an offense generally to shoot on

or near a public highway, but such a shooting becomes an offense only when it is not done in defense of person or property, or on one's own premises. It was incumbent upon the State to negative each of these things in order to make out the offense. All are negatived in the accusation, and the fact that the shooting was not done on the premises of the accused was proved; but the State wholly failed to exclude the other two. The line is sometimes very closely marked between what exceptions need be proved and what need not. It is safe to say, however, that whenever the exception constitutes a part of the offense itself, and not merely an exception to a general offense previously defined, it is necessary to allege and prove that the case is not within the exception. Or, to state it differently, whenever a statute makes penal an act when committed by a particular class of persons, or when committed under particular circumstances, it must appear that the person accused was within the particular class or committed the act under the particular circumstances. *Herring* v. *State*, 114 *Ga.* 96. But when the statute provides that the commission of an act by any person, or under all circumstances, shall constitute an offense, and then declares that the provisions of the act shall not apply to a particular class of persons, or to a specified set of circumstances, the burden is on the accused to show that he comes within some of the exceptions. *Kitchens* v. *State*, 116 *Ga.* 847; *Tigner* v. *State*, ante, 114. The same idea has been thus expressed: "Where a statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes which it contains; but on the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may, in all respects, correspond with the statute." *Elkins* v. *State*, 13 *Ga.* 435. See also, in this connection, *Cook* v. *State*, 26 *Ga.* 605. In *Conyers* v. *State*, 50 *Ga.* 103, it was held that where the keeper of a billiard table was charged with a violation of the statute prohibiting such keepers from permitting "any minor to play or roll on the same, without the consent of the parent or guardian," the absence of such consent was a material element of the offense and should be averred and proved. In the opinion Judge McCay took occasion to criticise the reasoning of the court in a previous decision wherein

it was held that when one was indicted under a statute prohibiting the sale of liquor without a license, it was not necessary for the State to show that the accused had no license, though he admits that the decision itself could be sustained on the theory that the fact of the existence or non-existence of the license was peculiarly within the knowledge of the accused. See also, in this connection, *Newman* v. *State*, 63 *Ga.* 533. In *Isom* v. *State*, 83 *Ga.* 379, Mr. Chief Justice Bleckley says, arguendo, that an indictment for stabbing should allege and the State should prove that the stabbing was not done by the accused "in his own defense or other circumstances of justification;" the statute providing that any person guilty of stabbing, except under the circumstances quoted, shall be punished. We conclude that the court committed error in overruling the motion for a new trial, on the ground that the conviction was not warranted by the evidence.

*Judgment reversed. All the Justices concur.*