### 390.  FERGUSON *v.* THE STATE.

1. To authorize a conviction of crime, the State must prove every material allegation necessary to constitute the offense charged.  And when a given act may be done under certain circumstances without guilt (unless the statute contains provisos and exceptions in distinct clauses), the proof for the State must take such act out of the exceptions provided by the statute.
2. To sustain a conviction for a violation of the Penal Code, §508, it must not only be shown that the accused shot a gun or pistol between dark and daylight, as charged, and that such shooting was not in defense of person or property, but it is further incumbent on the State (unless the proof shows that such firing was done on a public highway) to prove that such shooting or firing within fifty yards of the public highway was not on the defendant's land.
3. The evidence sustains the verdict, and there was no error in refusing a new trial.
4. The newly-discovered evidence presented would not require a different result on another trial.
5. This court gathers the facts of the case from the brief of evidence as approved by the trial judge.

Accusation of misdemeanor, from city court of Americus— Judge Crisp.  February 15, 1907.

Argued April 22,—Decided May 16, 1907.

*Blalock & Cobb,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, J.  In the city court of Americus the defendant was convicted of the offense of shooting on a public highway.  His motion for a new trial was overruled, and he excepts to that judgment.  The motion is upon the statutory grounds and also upon the extraordinary ground of newly-discovered evidence.  The

plaintiff in error contends that it is necessary for the State to prove all of the material allegations before the jury would be authorized to convict, and insists that the State failed in this case to establish his guilt, because, under the Penal Code, §508, guilt is not established by proving alone that the defendant shot on a public highway between dark and daylight, but it is also incumbent upon the State to prove to the jury beyond a reasonable doubt that the shooting was done wilfully and wantonly, and not in self-defense nor on the premises of the defendant. We willingly agree that the contention of plaintiff in error is sound; and it is sustained by authority. In construing the section now under consideration, the Supreme Court has expressly held, that as it is not an offense to shoot on or near a public highway, when it is done in defense of person or property or on one's own premises, it is incumbent upon the State to negative each one of these things by proof, in order to make out the offense. In delivering the opinion of the court in *Rumph* v. *State,* 119 *Ga.* 123, Justice Cobb says: "The line is sometimes very closely marked between what exceptions need be proved and what need not. It is safe to say, however, that whenever the exception constitutes a part of the offense itself, and not merely an exception to a general offense previously defined, it is necessary to allege and prove that the case is not within the exception. Or, to state it differently, whenever a statute makes penal an act when committed by a particular class of persons, or when committed under particular circumstances, it must appear that the person accused was within the particular class or committed the act under the particular circumstances." The precise rule which is applicable to accusations under §508 is laid down in *Elkins* v. *State,* 13 *Ga.* 435: " Where a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos which it contains; but on the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them, in order that a description of the crime may, in all respects, correspond with the statute." The decisions in *Conyers* v. *State,* 50 *Ga.* 105, *Newman* v. *State,* 63 *Ga.* 533, and *Isom* v. *State,* 83 *Ga.* 379, are to the same effect. So that we think that the position assumed by the plaintiff in error is correct as a matter of law.

On the other hand, we think that the allegations and evidence fully sustain the conviction of the plaintiff in error when applied to the rule we have stated. The State was obliged to show that the defendant shot a pistol or gun, as charged, within fifty yards of the public highway named in the indictment, between dark and daylight; and in order to show that it was wilfully and wantonly done, the State was further obliged to prove that such shooting was not in defense of person or property, and that it was not on the defendant's land. There were a number of witnesses introduced, and the testimony of several of them is confused, unsatisfactory, and insufficient. But the jury was authorized to convict, if they had had no other testimony, if they believed the evidence of Alonzo Bivins. And they had the right to disregard all other witnesses and rest their verdict on his testimony alone. He testified that he saw the defendant shoot five times at John Coleman's house. The defendant stood in the public road and shot five times just as fast as he could load and unload his breech-loader. It was between dark and daylight, in Sumter county, Georgia. The witness swore further that the moon was shining and that he could see the defendant plainly, and knew that it was he who did the shooting. The witness says further that the only thing that was going on at that time was some fussing and loud talking in Coleman's house, where the dancing was going on. The State proved by this testimony that the shooting was not on the defendant's land, by proving that Ferguson fired in the public road; and of course the public road is not his land. It proved that the shooting was not in self-defense or in defense of his property at the time of the shooting, by proving that nothing was being done to Ferguson at the time of the shooting. This showed conclusively that whether there had been pistol shots there that night or not, Ferguson's shooting was not necessary for his defense. According to Bivins' testimony, when taken with the testimony of some of the other witnesses, the defendant wilfully and wantonly fired his gun on land belonging to the public, and without any necessity for defending himself, his brother, or his belongings. The plaintiff in error insists that a number of witnesses swore that Bivins was in a house and could not see, and therefore his testimony was false. This was a matter entirely for the jury. It is for them to say whether Bivins or the witnesses who contradicted him

were impeached, and by their verdict they sustain Bivins. In the brief of State's counsel it is insisted that there was an error in the approved brief of evidence. Of course we can not consider this statement. The brief of evidence as approved by the trial judge is taken to be true to its very letter.

The plaintiff in error further insists that he is entitled to a new trial upon the ground of newly discovered evidence. We have often marveled at the power of a verdict of guilty in quickening the thirst for an investigation and the faculty of discovery. But even if the newly-discovered evidence submitted in this case were produced before a jury, it could not produce a different result. The testimony of one of the witnesses is to the effect that he heard some unknown man say to the Mancy boys that he tried his best to get one of the Fergusons; and the affidavit of Simpkins is simply cumulative of testimony already adduced, that there were pistol shots, both preceding and following the report of the shotgun. If there is anything in this testimony it would tend only to set up the fact that the defendant fired in his own defense. And this testimony would be impeaching, not only the State's witnesses, but his own witnesses as well; and it does seem to us that if a new trial is not to be granted upon extraordinary grounds when the newly discovered evidence merely impeaches the witnesses of the opposite party, it should much the less be granted when the newly-discovered evidence would impeach one's own witnesses, for whose veracity he vouches. The only purpose of the newly-discovered evidence is to establish self-defense in firing the gun. The defendant and his witnesses say he did not fire at all.

Motions for new trial upon the extraordinary ground of newly-discovered evidence are not favored. If not regarded with suspicion, they should at least be granted with great caution. They should only be granted to avoid palpable injustice, and in order that the judgment set aside may perhaps be replaced by a different finding. We think there was no error in refusing to set aside the verdict and judgment in this case.        *Judgment affirmed.*