## 3012. DUKES *v.* THE STATE.

1. The chief enacting clause of the act of 1907, regulating the sale of narcotic drugs, does not render the sale of cocaine in every instance illegal. The things expressly excepted from the enacting clause of the law should be expressly negatived, or the alleged violation should be so specifically charged as to negative the statutory exceptions by necessary implication.

2. The true test of the sufficiency of an indictment to withstand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. The mere characterization of an act which may lawfully be committed as unlawful does not suffice to so inform one accused of crime of the nature of the offense with which he is charged as to enable him to prepare for trial. To charge that an act intrinsically lawful was done unlawfully, without more, is not a statement of a fact, but a mere conclusion of the pleader.

3. The court erred in overruling the defendant's demurrer, and all of the subsequent proceedings were nugatory.

DECIDED JULY 25, 1911.

Indictment for selling cocaine; from Chatham superior court—Judge Charlton. August 24, 1910.

*Hitch & Denmark,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra. ·

RUSSELL, J. The indictment charged the defendant with "the offense of a misdemeanor;" it being alleged that in Chatham county, on a day named, he "did unlawfully sell and furnish cocaine, contrary to the laws of the said State," etc. The defendant demurred generally and upon the following grounds: That the indictment charges conclusions only; that the selling or furnishing of cocaine is not necessarily unlawful; that the indictment fails to set forth any particular facts by reason of which the alleged selling was unlawful; that the indictment denies the ac-

cused the right to know enough of the particular facts constituting the alleged offense to enable him to prepare for trial, in that it fails to set out the essential elements of the particular offense charged, and because the indictment fails to inform the accused with sufficient definiteness and certainty as to the way or means by which he is alleged to have violated the law. There are two additional grounds of demurrer,—one in which the plaintiff insists that the act under which the indictment was found is unconstitutional, and another which specifies all of the various ways in which the act in question may be violated, and avers that the indictment fails to negative the existence of any or all of the facts and circumstances under which the selling and furnishing of cocaine may be lawful.

The constitutionality of the act of 1907, regulating the sale of narcotic drugs (Acts 1907, p. 121), has been ruled by the Supreme Court (*Stanley* v. *State,* 135 *Ga.* 859, 70 S. E. 591), and consequently there was no error in overruling the demurrer based upon the contention that the act was unconstitutional.

We shall consider so much of the demurrer as relates to the proper characterization of sales of cocaine lawful and sales unlawful, in connection with what we shall have to say in regard to the sufficiency of the language used in the indictment in the present case, because in framing a criminal charge language may be employed which will as effectually relieve the defendant from the necessity of preparing to meet a different charge as if it were expressly excepted by distinct statement. One who is charged with the offense of carrying a pistol concealed would have no difficulty in being informed by the charge contained in such an accusation that he could not be tried for having a pistol at a public gathering. In other words, the distinct statement of the manner in which an offense was actually committed operates to exclude a charge that it was committed in any other way than that alleged. In the first section of the act now under consideration (Acts 1907, p. 121), it is made unlawful to sell, furnish, or give away any cocaine, or any of the other drugs enumerated therein, "except upon the original written order or prescription of a lawfully authorized practitioner of medicine, dentistry, or veterinary medicine, which order or prescription shall be dated and shall contain the name of the person for whom

prescribed, or, if ordered by a practitioner of veterinary medicine, shall state the kind of animal for which ordered, and shall be signed by the person giving the prescription or order." Civil Code (1910), § 1651. We are of the opinion that the indictment in the present case is fatally defective, because it is not alleged either that the cocaine was sold without a written prescription of a lawful practitioner of medicine, dentistry, or veterinary medicine, or that it was sold upon a prescription which was not dated, or that it did not contain the name of the person for whom prescribed, and, if ordered by a practitioner of veterinary medicine, it did not state the kind of animal for which it was ordered, or that, the purchaser being a practitioner of veterinary medicine, the order did not state the kind of animal for which it was ordered, or that the prescription or order was not signed by the person giving the prescription.

A general negation of the exception would in many cases be sufficient, as where it is stated that it was sold upon no prescription at all; but in the present case there is neither express nor implied negation of the exception.          *Judgment reversed.*