THE STATE OF CONNECTICUT *vs.* MORRIS T. HORWITZ.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, BANKS, AVERY and BALDWIN, Js.

Argued April 12th—decided June 18th, 1928.

*Benjamin Slade,* with whom was *Louis Weinstein,* for the appellant (the accused).

*William H. Comley,* State's Attorney, with whom was *Lorin W. Willis,* Assistant State's Attorney, for the appellee (the State).

MALTBIE, J. The defendant was convicted of the crime of abortion. He has appealed from the refusal of the trial court to set the verdict aside as against the evidence. If the jury believed the chief witness for the State, Beck, as it obviously did, the verdict was inevitable. Beck had himself been convicted of the very crime with which the defendant was charged and was serving a sentence for it, and on his testimony he confessed not merely to being an accessory to it but also to having repeatedly committed perjury upon his own trial. Nevertheless the jury were entitled to accept his evidence upon the present trial if they believed it to be true; *State* v. *Frost,* 105 Conn. 326, 333, 135 Atl. 446; and the circumstances and the corroboration found in the other evidence made such a conclusion wholly

reasonable. The trial court would not have been justified in setting the verdict aside.

The accused also alleges many errors he claims to have been committed on the trial, but we find nothing which would justify a new trial. There was nothing unduly prejudicial in the argument of the State's Attorney; the statements of fact in it to which the defendant objects were all, at the least, reasonable inferences to be drawn from the circumstances in evidence, and, for the rest, the argument did not exceed the bounds of reasonable advocacy of the cause of the State and the interest of the public in the conviction of guilty persons.

The defendant complains that the trial court neglected to give certain of his requests to charge. One of these was given in effect. The others have to do with the credibility to be given to the testimony of the witness Beck. As to this the trial court charged quite fully, calling attention to his position as a confessed accomplice to the crime, and a perjurer upon his own trial, and suggesting that the jury have in mind any possible interest he might have in the matter and his motives in testifying. That it failed specifically to mention in this connection the obvious fact of his conviction as bearing upon his credibility, or to specify the particular interests which the defendant claims he might have in testifying falsely on the present trial, cannot be deemed prejudicial errors. The charge as given was adequate for the guidance of the jury and correct in all material particulars; indeed, many of the criticisms made by the defendant are seen to be groundless when the particular passage under discussion is read in connection with its context, and others are at most inadvertent slips which could not have misled the jury. The trial court did make an error in placing the burden of proof as to the defendant's claimed alibi

upon him, but it immediately and fully corrected it and stated the true rule clearly and well. The insistence of the court to the jury that it should reach an agreement in the case did not exceed the bounds allowed; indeed, the expression in this portion of the instruction of which the defendant now particularly complains did not seem to him even to merit inclusion in the appeal when it was brought, and any erroneous impression it might have caused was immediately corrected by the instruction of the court as to the right and duty of each juror to abide by his own convictions if he was satisfied of their soundness. The trial court correctly and wisely cautioned the jury, when it acceded to their request that certain evidence might be read to them, that they be careful not to overemphasize this portion of the testimony by reason of their minds being thus refreshed as to it in comparison with the rest of the evidence.

The remaining reasons of appeal concern rulings on evidence, only a few of which we need mention. The mother of the victim had testified as to accompanying her daughter to the defendant's office two or three evenings before the date of the alleged offense, and the court then permitted the State to ask her whether she had inquired of the daughter what "arrangement" the defendant had made with her, and allowed her simple affirmative answer to stand, but would not permit her to testify as to what was said to her by the daughter. We see no harm in this; the defendant himself testified that an arrangement was made with her to visit Beck, his contention being that it was merely for an examination to see whether she was tubercular. On one occasion the mother was permitted to state that her daughter informed her that she was going to the defendant's office, and on another, to Beck's; as it was a conceded fact that, on these occasions, the daughter did visit

these offices, in no way could this testimony have been harmful, even if it were erroneously admitted. The statement of this witness on the latter occasion, voluntarily made by her and immediately stricken out by the court, that the daughter said to her that the defendant was to be there, cannot be deemed ground for a new trial. The belief of the daughter, on the day of the alleged operation, that she was pregnant was a relevant circumstance; it served to strengthen the inference sought to be drawn by the State that on the previous visit to the defendant's office he had found her pregnant and arranged for the illegal operation, and to rebut his claim that, on the occasion in question, he discovered no evidence of pregnancy; and that belief was properly proved by her own testimony as to it. *Van Guilder* v. *Van Guilder,* 100 Conn. 142, 146, 123 Atl. 19.

During the examination of Beck he was asked by the defendant whether he had not during his own trial received from his counsel an offer that if he would throw the responsibility for the illegal operation upon the defendant his own case would be disposed of. The State's Attorney objected on the ground that the offer was privileged as between attorney and client, and in the following altercation stated that he considered it to be his right to call the attention of the witness to his privilege; the trial court excluded the question "for the time being" and, upon a succeeding similar question being asked, stated that it did not mean to pass upon it then but to reserve decision. At the end of the day, the trial court explained to Beck that he might claim the matter as privileged, if he chose, and, Beck being uncertain as to what he ought to do, the court said that the matter might rest until the next court day. Although on that day Beck resumed the witness stand no further reference was made to the matter.

If we grant, as the defendant claims, that the right to assert the privilege was personal to the witness, the State's Attorney was well within his rights in calling the matter to the witness' attention; and if the witness had in the first place expressed a desire for time to consider whether or not to assert his privilege, the trial court might well, in its discretion, have given him an opportunity to do so. This was the practical effect of the whole episode. The only claim now made is that the defendant was prevented by the ruling from showing a situation from which the jury might find Beck to be generally untruthful and from laying the basis for impeaching testimony. Looked at from that viewpoint, it is not reasonable to believe that the exclusion of this testimony could have in any way affected the verdict, and to order a new trial upon a meticulous criticism of the conduct of the trial judge in the matter would be a travesty upon justice.

There is no occasion to consider the bill of exceptions filed by the State.

There is no error.

In this opinion the other judges concurred.