### 26320. GLEATON *v.* THE STATE.

GUERRY, J. 1. In a prosecution under the Code, §§ 54-110 (4), 54-9901, it is not sufficient for the State to show merely that the defendant procured labor within the State for the use of himself beyond the boundaries of the State, but it should also be shown that he did so without notifying "the commissioner of his intention to secure labor

within the State for use outside the State, stating how many laborers are to be secured, where the labor is to be secured, where said labor is to be transported, the pay to be given said labor, why the labor can not be secured in the State where it is to be used, the average number of laborers employed, and any additional facts concerning the movement of such labor desired by the commissioner." This is true because the crime punishable under these sections is not of securing labor in this State for one's use in another, but in doing so without notifying the Commissioner of Labor and giving to him the required information. See *Conyers* v. *State*, 50 *Ga.* 103 (15 Am. R. 686); *Kitchens* v. *State*, 116 *Ga.* 847, 849 (43 S. E. 256); *Rumph* v. *State*, 119 *Ga.* 121, 123 (45 S. E. 1002).

2. "One who comes into this State and employs on his own behalf laborers to work for him outside this State is not an 'emigrant agent' within the meaning of the law imposing a tax upon such agents." *Theus* v. *State*, 114 *Ga.* 53 (39 S. E. 919); *Chambers* v. *State*, 23 *Ga. App.* 1 (97 S. E. 274).

3. Under the above rulings the conviction of the defendant was unauthorized, and the judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 16, 1937.

*Vance Custer,* for plaintiff in error.