### 35107. HOLLOWAY *v.* THE STATE.

CARLISLE, J. The defendant was found guilty as charged, in the Criminal Court of Fulton County, under the following accusation: "The . . . [defendant] in . . . Fulton County, on the 19th day of January, 1953, did wilfully use and employ certain instruments to the affiant unknown upon . . . [a named female], a pregnant woman, with intent thereby to produce the miscarriage and abortion of said pregnant woman, said act of accused not having been necessary to preserve the life of said pregnant woman and not having been advised by two physicians to be necessary for such purpose, and said act of accused being contrary to law." Her petition for certiorari to the Superior Court of Fulton County, based on the usual general grounds and five special grounds, was overruled, and she has brought the present writ of error to review that judgment.

1. It is a rule of statutory construction long settled and firmly established in this jurisdiction that in a penal statute, if an exception is embodied in the language of the enacting clause, and therefore appears as an integral part in the verbal description of the offense, the indictment,

accusation, or information must aver that the exceptive facts do not exist, and it is incumbent upon the State to establish on the trial that such exceptive facts do not exist. *Elkins* v. *State,* 13 *Ga.* 435; *Isom* v. *State,* 83 *Ga.* 378 (9 S. E. 1051); *Rumph* v. *State,* 119 *Ga.* 121 (45 S. E. 1002); *Ferguson* v. *State,* 1 *Ga. App.* 841 (58 S. E. 57); *Dukes* v. *State,* 9 *Ga. App.* 537 (71 S. E. 921). It was, therefore, incumbent upon the State to establish what it had alleged in the present accusation, that is, that the alleged abortion was not necessary to preserve the life of the pregnant woman and had not been advised by two physicians to be necessary for such purpose.

2. The absence of the necessity to save the life of the pregnant woman, and the absence of the advice of two physicians that the abortion was necessary to save the woman's life, need not, however, be shown by direct evidence, but may be proved by circumstantial evidence. *Guiffrida* v. *State,* 61 *Ga. App.* 595 (7 S. E. 2d 34); *Soldaat* v. *State,* 81 *Ga. App.* 71 (57 S. E. 2d 705). The jury was authorized to find that the woman was pregnant, that she was in good health prior to the abortion, that the abortion had been produced by the defendant by the use of certain instruments on the pregnant woman, that the pregnant woman had consulted only one physician between the time she became pregnant and the time of the abortion, that the defendant was not a physician, that the pregnant woman was unmarried and her only reason for having the abortion performed was to avoid the embarrassment of having her pregnancy become known; and from those facts the jury was authorized to find that the abortion was not performed upon the advice of two physicians that it was necessary to save her life, and that the abortion was not performed to save her life because of any danger in the pregnancy to her life. The evidence, therefore, established every essential element of the crime and authorized the verdict finding the defendant guilty as charged.

3. Where, upon such a trial as indicated above, the woman upon whom the abortion is alleged to have been performed testified: "I am a woman and had sexual intercourse with a boy; after having sexual intercourse with this boy I did not have any menstrual periods; I think it was in September when I missed my first period, but I am not sure; after missing my menstrual period I did not observe anything else about my physical condition; after the second month I missed I consulted a physician and told him my symptoms; I just went to him for a checkup; after going to the doctor I was sick on my stomach a lot"—the trial court did not err in admitting in evidence, *over the objection of the defendant that it was a conclusion of the witness,* the woman's affirmative reply to the following hypothetical question: "From talking to your doctor and missing your monthly periods and being sick at your stomach—based on that—can you tell me whether or not you were pregnant?" "Where the question under examination, and to be decided by the jury shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." Code § 38-1708. Until the foetus is quick, that is, during the first few months of pregnancy, the fact of pregnancy is necessarily one of opinion, and since the witness stated the facts upon which she based her opinion that she was pregnant, there was no error in allowing her to state her opinion on the matter. In *Gullatt* v. *State,* 14 *Ga. App.* 53

(80 S. E. 340), which involved the trial of an accessory before the fact for assault with intent to murder for aborting a woman pregnant with child, testimony with reference to alleged statements made by the principal defendant to the effect that the female upon whom the abortion was alleged to have been performed was about four and a half months pregnant was held unobjectionable. In Commonwealth v. Leger, 264 Mass. 217 (162 N. E. 337), it was held that it was competent for the prosecutrix in an abortion trial to testify that she thought she was pregnant. In State v. Horwitz, 108 Conn. 53 (142 Atl. 470), it was held that testimony of the prosecutrix to the effect that after a visit to the physician she believed she was pregnant was admissible. The testimony of the prosecutrix that she was pregnant was not objectionable for the reason assigned in special ground (d).

4. Where the testimony of a witness is admitted in evidence, over the objection of the defendant, that the defendant performed the alleged abortion, although the witness admitted that she did not see the abortion performed, it is not ground for a new trial where it also appears that the same witness later gave testimony to the same effect without objection. Hart v. State, 53 Ga. App. 365, 366 (5) (186 S. E. 152), and citations. Special ground (e) consequently is without merit.

5. Where, upon the defendant's trial for abortion, a witness gives vent to an emotional outburst of weeping while being examined upon a collateral issue concerning the witness's conduct while in prison as the result of a separate and distinct crime, and the trial court immediately sends the jury from the courtroom, we can not say, as a matter of law, that the trial court abused its discretion in refusing the grant of a mistrial. There is no merit in special ground (f).

6. Where objectionable testimony is conditionally admitted in evidence, and counsel fails to renew his objection to such testimony, the admission of the illegal evidence will furnish no ground for a new trial, as the objection is treated as waived. Sloan v. State, 35 Ga. App. 347 (133 S. E. 269), and citation. Special ground (g) is without merit.

7. "All persons who procure, counsel, command, aid or abet in the commission of a misdemeanor are regarded by the law as principal offenders" (Loomis v. State, 78 Ga. App. 336, 51 S. E. 2d 33, and citations); and the fact that, following the defendant's conviction of the offense charged, which is a misdemeanor, another person pleaded guilty to the identical offense, constitutes no ground for the grant of a new trial. The third person's plea of guilty of the identical offense was in no way exculpatory of the present defendant, and the evidence in the present case rather shows that such third person was a joint offender with the defendant.

8. Consequently, under the above rulings, the Superior Court of Fulton County did not err in overruling the petition for certiorari.

Judgment affirmed. Gardner, P. J., and Townsend, J., concur.

Decided April 13, 1954—Rehearing denied May 4, 1954.

Robert Carpenter, Ferrin Mathews, for plaintiff in error.

Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Charlie O. Murphy, contra.