## 41999.  DARLEY v. THE STATE.
## 42000.  THACKER v. THE STATE.

SUBMITTED MAY 3, 1966—DECIDED MAY 10, 1966.

*Joe Salem,* for appellants.

*Lewis R. Slaton,* Solicitor General, *J. Robert Sparks, J. Walter LeCraw,* for appellee.

NICHOLS, Presiding Judge.  The gist of the defendants' demurrers is that the indictment fails to negative the many exceptions in such Act.  Under decisions exemplified by *Dukes v. State,* 9 Ga. App. 537 (2) (71 SE 921); *Holloway v. State,* 90 Ga. App. 86 (1) (82 SE2d 235); *Rumph v. State,* 119 Ga. 121, 123 (45 SE 1002); and *Elkins v. State,* 13 Ga. 435, where exceptions to the operation of a penal Act are stated in the enacting clause it is necessary to negative them in an indictment or accusation, in order that the descriptions of the crime may, in all respects, correspond with the statute.  In *Dukes v. State,* supra, the defendant was charged with selling or furnishing cocaine in violation of the Act of 1907 (Ga. L. 1907, p. 121), which provided that it was unlawful to sell, furnish or give

away cocaine *except* under described circumstances, and this court held that since the indictment failed to negative the exceptions the defendant's demurrer should have been sustained.

Section 2 of the Act of 1935 (Ga. L. 1935, pp. 418, 423; *Code Ann.* § 42-803), under which the defendants are indicted in the present case, provides in part: "It shall be unlawful for any person to . . . possess . . . any narcotic drug except as authorized in this Act." Thus it would seem that an indictment under the Act of 1935, supra, would require that the exceptions be negatived. However, Section 19 of such Act (*Code Ann.* § 42-9918), provides: "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant." Under such provisions it is not necessary that the State negative the exception, and as long as such section remains a part of the Act an indictment such as that in the present case is not defective. The trial court did not err in overruling the defendants' demurrers to the indictment.

> *Judgment affirmed. Hall and Deen, JJ., concur.*