HOWARD & SOULE, plaintiffs in error, *vs.* DAVID H. REID *et al.*, defendants in error.

1. The person to whom the license to peddle is required to be granted, is he who travels and vends the goods and wares, and it is against such person that the process is to be issued, under section 536, Code, when he peddles without license.

2. A process issued under said section against A and B, on the ground, that as partners, they did, on, etc., in the county, etc., "by *their agent*, peddle articles, etc., without having obtained license authorizing them to do so," etc., is, upon its face, illegal and void. '

Peddlers.  License.  County matters.  Before Judge BARTLETT.   Putnam Superior Court.  September Term, 1873.

Howard & Soule instituted suit against David H. Reid and James L. Wilson, for a horse, wagon and harness, and two sewing machines. The declaration contained two counts, one in trespass and the other in trover. The damages were laid at $2,000 00. The record fails to disclose any plea by the defendants.

The evidence showed that the property in controversy was sold under the following process:

"GEORGIA—Putnam County.

"*To all and singular the sheriffs and constables of said state—Greeting:*

"Whereas, it is known to me, of my own knowledge, that A. B. Howard and W. A. Soule, partners under the name of Howard & Soule, did, on the 15th day of December, 1871, and for four months after said date, in the county and state aforesaid, by their agent, peddle articles not manufactured in said state, to-wit: sewing machines, without first having obtained license authorizing them so to do, and no action having been taken by the ordinary of said county regulating peddling in said county, and the said Howard & Soule not being disabled soldiers of said state:

"These are, therefore, to authorize and command you, to levy on and seize a sufficiency of the property, real and personal, of the defendants, to make the sum of $200 00, the amount of the forfeit, according to the statute in such cases made and provided, and a sufficiency to pay the cost of this proceeding, and that you, after due advertisement, expose said property to public sale, as the law directs, and have you the said sum of money at the court of ordinary for said county, on the first Monday in August next, and have you also this writ, with your actings and doings entered thereon.

"Witness my hand and official seal, this 3d day of June, 1872.        (Signed)                "D. H. Reid, ordinary."

That the property was levied on about June 15th, 1872, and sold on the 6th of August of the same year. That the

horse was worth $100 00, the wagon $150 00, the harness $25 00, and the sewing machines $95 00 each; that the value of the horse, wagon and harness, for hire, was $5 00 per day, and the sewing machines $20 00 per month each. That the plaintiffs had been engaged for about three years in selling Wheeler & Wilson's sewing machines in the state of Tennessee, and a part of the state of Georgia. That the plaintiffs are citizens of the state of Tennessee. That the machines were manufactured in the state of Connecticut. That one R. H. Neal, as the agent of the plaintiffs, had been vending said machines in Putnam county, Georgia. That David H. Reid, the ordinary aforesaid, ordered the seizure of said property, and James L. Wilson, the sheriff of said county, levied on and sold the same.

The jury found for the defendants. The plaintiffs moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was overruled and plaintiffs excepted.

L. E. BLECKLEY, for plaintiffs in error.

REESE & REESE; W. F. JENKINS, for defendants.

TRIPPE, Judge.

1. We are satisfied from a thorough examination of the provisions of the Code on the subject of peddling, that the person to whom the license to peddle is required to be granted is he who travels and vends the goods and wares, and that it is against such person that the process is to be issued, under section 535 of the Code, when he peddles without license. Section 1634 provides that the peddler shall furnish the ordinary with evidence of *his good character*, and shall take and subscribe before him this oath: " I swear that I will use this license in no other county than the one for which it is granted, nor suffer any person to use it in my name, and that I am a citizen of this state, etc.  *  *  *  *and the license must contain a description of the person of the peddler.*" The two pro-

Howard & Soule *vs.* Reid *et al.*

visions requiring the peddler to furnish evidence of his character and a description of his person, plainly show that the license must be to him who does the peddling, the act of traveling and selling, and not to another person, a merchant or firm of merchants, who may do the peddling through an agent, by virtue of a license granted to them. We can see many good reasons for such requisitions, and the provisions quoted plainly mean this. Section 533 is, if any person, except a disabled soldier of this state, peddles without first obtaining license, etc., he forfeits to the county $100 00 for the first act of peddling, and for each month thereafter $25 00; and then section 536 declares that the ordinary may issue process against such person. Now, against whom is the process to issue? Surely against him who should obtain the license, and who peddles without it. It cannot go against A by simply alleging that B peddled for A, and that A had no license, or that A peddled by his agent without first having obtained a license. If the license is to issue to the peddler, and if the process is to be against him who peddles without a license, then it must be against the person who does the act of peddling. If it be objected to this construction that responsible parties may violate the law with impunity, and that there could be no vindication of it when thus violated by or through an irresponsible or insolvent agent, the reply is, that two means are provided whereby it may be done. The latter clause of section 536 enacts that in default of enough property being found to pay the penalty, the defendant shall be arrested and safely kept, as in cases of persons under *ca. sa.* Indeed, the requisition of the statute is that the process is so to issue. Even if this provision be not now operative, on the ground that the *ca. sa.* law is not now of force, which we do not determine, there is a still heavier penal provision.

By section 4598 peddling without license is declared to be a misdemeanor, and punishable as other misdemeanors by a fine not exceeding $1,000 00, imprisonment, or work in a chain-gang, or any one or more of these as may be ordered in the discretion of the judge. It would hardly be claimed that

the plaintiffs in error who reside in the state of Tennessee could be indicted under this section, demanded by the governor, and punished in any county of this state, where it was charged that they had peddled by an agent, without first having obtained a license. If the one provision of the law could not thus be enforced, how can the other? Whether the legislature may not provide that the process specified in section 536 might issue against one who thus procures another to peddle for him, so far as to make the horse and wagon and goods, furnished to the one who does the peddling liable to it, we do not say. Sufficient is it that there is no such enactment, and such laws are not to be enlarged by construction.

2. This process having been issued against the plaintiffs on the ground that, as partners, they did, by their agent, peddle without having obtained license authorizing them to do so, was illegally issued, and being without authority of law was void upon its face. A new trial is therefore granted.

Judgment reversed.