## SMITH, tax-collector, *et al. v.* WHIDDON.

Under the provisions of § 946 of the Civil Code, one who actually travels as a hawker or vendor of patent medicine is liable for the payment of the tax provided for under that section, although he may not be the proprietor of the articles sold or of the animals and vehicles by means of which the articles are transported from place to place, and be acting only as the agent and employee of a disabled or indigent Confederate soldier, who, under the provisions of § 1888 of the Civil Code, is authorized to peddle without obtaining license for the privilege of so doing.

August 14, 1912.

Injunction. Before Judge Sheppard. Tattnall superior court. August 3, 1911.

*E. C. Collins,* for plaintiffs in error. *Mann & Milner,* contra.

Beck, J. J. E. Whiddon, a peddler and traveling vendor of patent medicine, filed a petition seeking to enjoin the officers of the county from collecting from him the occupation tax prescribed in § 946 of Civil Code, for peddlers and traveling vendors of patent medicine, alleging that he was not subject to the tax sought to be collected, for the reason that he had no interest whatever in the business and was acting only as the agent and employee of a certain named indigent Confederate soldier, who was exempt from the payment of such tax under the law of this State, and held certificates from the ordinaries of two other counties to that effect. At the hearing, after the introduction of the pleadings of both parties, the original certificates of the ordinaries, and an affidavit of the Confederate soldier referred to, confirming the allegations of fact set forth in Whiddon's petition, the court passed an order permanently restraining and enjoining the sheriff and tax-collector as prayed, to which order they excepted.

Section 533 of the Code of 1873 contained the following provision: "If any person, except a disabled soldier of this State, peddles without first obtaining such license in counties where the ordinaries take no action regulating peddling, he forfeits to the county one hundred dollars for the first act of peddling, and for each month thereafter twenty-five dollars more." And under § 536 of that code it was made the duty of the several ordinaries of this State to issue process against persons incurring the penalty provided for under the section first quoted. Construing these two sections of the Code of 1873, this court said: "Section 533 is, if any person, except a disabled soldier of this State, peddles without first ob-

taining license, etc., he forfeits to the county $100.00 for the first act of peddling, and for each month thereafter $25.00; and then section 536 declares that the ordinary may issue process against such person. Now, against whom is the process to issue? Surely against him who should obtain the license, and who peddles without it. It can not go against A by simply alleging that B peddled for A, and that A had no license, or that A peddled by his agent without first having obtained a license. If the license is to issue to the peddler, and if the process is to be against him who peddles without license, then it must be against the person who does the act of peddling." *Howard & Soule* v. *Reid,* 51 *Ga.* 328, 331. And in the case of *Wrought Iron Range Co.* v. *Johnson,* 84 *Ga.* 756 (11 S. E. 233, 8 L. R. A. 273), it was said: "The provisions of the code under which the ordinary proceeded furnish no warrant or authority for issuing an execution against the owner of goods because they are peddled or sold by sample through an itinerant agent. This question was virtually ruled in *Howard* v. *Reid,* supra. In that case it was held that the person to whom the license to peddle is to be granted is he who travels and vends the goods, and that a process issued under section 536 of the code against others on the ground that they, by their agent, peddled, etc., without a license, is upon its face illegal and void. That case governs this, in so far as the non-resident corporation is concerned. A corporation can not be a peddler, or obtain license to peddle, under the laws of this State. No one can obtain such license who can not be sworn; for every peddler has to take an oath. Code, § 1634. Every itinerant trader by sample is treated as a peddler. Code, § 1631. The itinerant trader is the person who actually travels or passes from place to place for the purpose of trading by sample or otherwise." Section 946 of the Civil Code provides that: "Upon every peddler and traveling vendor of any patent or proprietary medicines, remedies, or appliances of any kind, or of special nostrums, or jewelry, or stationery, or drugs, or soap, or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not), peddling or selling any such goods, wares, medicines, nostrums, remedies, appliances, jewelry, stationery, soap, drugs, or other merchandise, fifty dollars in each county where the same or any of them are peddled, sold, or offered for sale." Comparing the language embodied in the section just quoted

with the statutes under construction in the two cases which we have quoted above, it follows necessarily that the person liable for the specific tax provided for under § 946 of the Code of 1910 is the person who actually travels or passes from place to place, actually hawking and vending the goods, and not the person who owns the property and the goods to be peddled or the wagons or other vehicles employed for carrying the goods to be peddled from place to place. The defendant in error in this case, against whom the execution issued, was "a peddler and traveling vendor," and the enforcement of the execution against him should not have been restrained.        *Judgment reversed. All the Justices concur.*