24160. ROBERTS *v.* CITY OF EATONTON.

DECIDED FEBRUARY 8, 1935.

*R. Douglas Feagin,* for plaintiff in error.
*R. C. Whitman,* contra.

MacINTYRE, J. The defendant, J. L. Roberts, was convicted in the police court of the City of Eatonton. His petition for certiorari was sanctioned and the writ of certiorari was issued. Upon a hearing thereof "the petition for certiorari was overruled and a new trial refused." On the trial of the case it was admitted by the defendant that he was peddling in the City of Eatonton the bottled-beverage drinks [soft drinks] of R. A. McCarthy. It was also admitted that there was an ordinance requiring a tax on peddling the bottled beverages in the City of Eatonton, and that the defendant had not paid such tax or obtained a license from the City of Eatonton. R. A. McCarthy testified that he was the proprietor, operator, and owner of the business, dealing in bottled beverages and drinks; that he lived in Macon; and that "I have a soldier's license issued to me by the ordinary of Bibb county, Georgia, on the third day of February, 1930. That is my license which has been put in evidence. I am operating that business in the City of Macon, under that license, without the payment of any tax. Mr. J. L. Roberts, the defendant, was employed by me

to drive my truck and sell the bottled beverages which I handle. The bottled drinks are checked out to him on my truck on consignment, and he is charged with the number of cases. He is allowed ten cents a case on the drinks he sells, and is guaranteed $9 a week. He accounts to me each day when he comes in with his truck for the goods sold, and at the end of the week, on Saturday night, I settled with him for his weekly work on the basis stated."

"J. L. Roberts, the defendant, made his statement, in substance the same, as to this employment as testified to by R. A. McCarthy, that he was working for R. A. McCarthy, driving his truck, selling his bottled drinks, and that he himself had a soldier's license issued to him by the ordinary of Bibb county, Georgia, on March 16, 1931; that he did not have this license with him on the date he was arrested by Mr. Walton, the chief of police, but did have the license of R. A. McCarthy with him, as he understood and thought the McCarthy license was all that was necessary for him to show his authority to sell the goods. He stated further that the license issued to him by the ordinary of Bibb county, Georgia, on the 16th day of March, 1931, was the same license in evidence in the case, and that he was the J. L. Roberts named in the license."

The certificate of exemption of McCarthy, an indigent disabled World-War soldier "authorized him to peddle or conduct a business in any county or municipality of said State, on his own account only," without paying a license for the same, and was issued by the ordinary of Bibb county under the Code of 1910, § 1888, as amended, § 84-2011 of the Code of 1933. The same kind of certificate was issued to the defendant, Roberts, as an indigent World-War soldier.

The record raises two questions: first, was Roberts authorized, under the facts stated above, to act under the exemption of McCarthy; second, was Roberts authorized to act under the certificate issued in his own name? In the case of *Woodson* v. *Paulk,* 139 *Ga.* 783, 784 (78 S. E. 35), Justice Beck, speaking for the court, said: "Stated briefly and simply, the rule laid down in the Hartfield case is, that a Confederate soldier having a proper certificate may conduct a business and employ therein the necessary instrumentalities, however numerous they may be, and employ servants and agents to carry on the business, and that both the instrumentalities and the servants and employees are covered by the exemp-

tion granted to the soldier. Now, if the expression, 'conduct business,' includes peddling, then a Confederate soldier having the proper certificate could engage and appoint others to do the peddling for him, and they would be covered by the exemption granted to the soldier holding the certificate. But while the term 'business' in its broadest sense might include 'peddling,' and while peddling is a form of business, it will be seen from a consideration of the decisions which are cited and quoted from in the case of *Smith* v. *Whiddon*, [138 S. E. 471, 75 S. E. 635], and of the statutes providing for imposing a tax upon peddlers, and the cognate sections of the code, that 'peddling' is not covered by the word 'business,' as employed in section 1888 of the Civil Code, that being the section under which indigent and disabled Confederate soldiers derive their right to peddle or conduct business without paying a fee or a tax therefor."

The Supreme Court in the case of *Tyner* v. *Winslett*, 174 *Ga.* 267, 273 (162 S. E. 807), stated that the legal meaning of the word peddle was comprehensibly stated and explained in *Wrought Iron Range Co.* v. *Johnson*, 84 *Ga.* 754, 756, 757 (11 S. E. 233, 8 L. R. A. 273). The court said: "Only the person who itinerates for trading purposes is a peddler. . . One whose vocation is to go from place to place with a sample stove carried upon a wagon, exhibit the sample and procure orders which his employer afterwards fills by delivering through other agents the stoves so ordered, is a peddler within the meaning of the Code of Georgia." The law defines "peddler" as follows, to wit: "Any person carrying goods, wares, or merchandise of any description with him, other than farm products, either in a pack or vehicle of any character whatever, and who makes delivery of goods ordered on the day of taking orders, shall be held and deemed a peddler, whether such sales are for consumption or resale." Ga. L. 1927, p. 83 (e).

Under the facts in the instant case the defendant, Roberts, being a peddler and being the person who did the act of peddling, could not claim the cover of exemption under the certificate of the ordinary reciting that McCarthy was exempted from a license to "peddle or conduct business" under section 1888 of the Civil Code of 1910 as amended (Code of 1933, § 84-2011), for only Roberts who did the act of peddling is a peddler. His employer, McCarthy, though owning the property and the vehicle in which it was being carried

from place to place, can not be said within the meaning of the code to have adopted and pursued the vocation of a peddler. *Wrought Iron Range Co.* v. *Johnson,* supra. Roberts could not peddle under a peddler's license of McCarthy's if McCarthy was not a peddler. Therefore, if McCarthy obtained an exemption to peddle under section 1888, as amended (supra), it would be of no avail to Roberts, nor could Roberts claim to be acting only as an agent or employee of McCarthy in "conducting the business" of McCarthy, for Roberts was engaged in the vocation of peddling, which is not covered by the word "business" as employed in section 1888 as amended, supra. See *Woodson* v. *Paulk,* supra. Roberts could not operate under the exemption of McCarthy, under the facts in this case. Roberts, the defendant, was a peddler within the meaning of this word as used in section 1888 as amended, supra, and as used in his certificate of exemption. The defendant did not necessarily have to peddle goods owned by himself. *Wrought Iron Range Co.* v. *Johnson,* supra. We are therefore of the opinion that the defendant was authorized to peddle under the certificate of exemption issued in his own name under section 1888 as amended, supra. The court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*