26642. CRAWLEY *v.* THE STATE.

Decided February 22, 1938.

*M. C. Barwick, M. Cook Barwick,* for plaintiff in error.
*Preston B. Lewis, solicitor,* contra.

Guerry, J. On October 21, 1932, A. T. Sills, Hal Sills, and T. E. Sills were granted a charter for a corporation by the superior court. The corporation was to be known as "Sills Rolling Stores Inc.," and was to exist for a term of 20 years. The charter recites in part that "the business to be pursued is that of the buying and selling of merchandise, farm products, live stock, and such other commodities. . . Petitioners desire for said corporation, the right to establish and operate rolling stores throughout this and

adjoining [counties?], where goods may be sold for cash, or delivered in exchange for farm products." In pursuance of the grant of the charter the corporation was organized and began operating "rolling stores" throughout the surrounding territory. A rolling store consists of an automobile truck with a body constructed thereon in the form of a small store. Each truck carried therein a general stock of merchandise, principally groceries, which were offered for sale and were actually sold and delivered to farmers and others along the route. It was for the operation of one of these "rolling stores" that the defendant was accused of peddling without a license. We quote in part from the agreed statement of facts: "The defendant and another were placed on said rolling store by said corporation, and a certain daily designated route was given them. For instance, their schedule required this store to stop at or near the home of John Doe in said County of Burke at ten o'clock a. m. and at or near the home of Richard Roe at eleven o'clock a. m. on each day. The stop was made in the highway, and sales of general merchandise were made for cash from the rolling store. At times customers would sell chickens and eggs and other farm products to said rolling store. The customers along the daily route designated by said corporation knew the daily schedule of the rolling stores and accustomed themselves to meet said store on its daily round for the purpose of buying or selling to said store their agricultural products." The judge sitting by agreement as judge of the law and facts, adjudged the defendant guilty of peddling without a license and the defendant excepted. He also excepted to the overruling of his demurrer to the accusation.

■ The ruling made in the first headnote needs no elaboration. We think it is, among others, sustained by the following authorities: *Elkins* v. *State,* 13 *Ga.* 435; *Hicks* v. *State,* 108 *Ga.* 749 (32 S. E. 665); *Kitchens* v. *State,* 116 *Ga.* 847 (43 S. E. 256); *Seale* v. *State,* 121 *Ga.* 741 (5) (49 S. E. 740). The accusation in the present case charged substantially that the defendant did "as a peddler and itinerant trader sell certain goods, wares, and merchandise not being agricultural products, agricultural implements, jugs, flower pots, or other articles excepted by law, without first procuring from the proper authority a license to peddle in said county as required by law." We are satisfied that an indictment for peddling without a license under the Code, §§ 84-2001, 84-9933,

which charges the peddling by defendant of "goods, wares, and merchandise," need not allege that the defendant was not exclusively peddling any of the articles set forth in the Code, § 84-2010. If we be correct in this, the accusation in the present case would not be subject to demurrer even assuming that it specifically so alleges as to certain of the enumerated articles but not as to others likewise excepted, except by the general allegation "or other articles excepted by law." However, we do not intend to here rule that the present accusation does not negative all the enumerated articles. As a matter of fact the accusation does negative all of the articles in the terms of the statute, and the allegation "or other articles excepted by law," may be treated as surplusage.

■ We are also of the opinion that the trial judge was correct in holding that the defendant was a peddler under the terms of the statute. It is said in 21 R. C. L. 181, that the word peddler "is derived from an old Scotch word 'ped,' meaning a bag, and originally defined one who went about from house to house carrying in a bag goods which he exposed for sale, sold, and delivered to whomever he might prevail on to buy." An old English statute defined him as one traveling on foot exclusively. 34 & 35 Victoria, ch. 96, § 3. In Jacob's Law Dictionary the following definition will be found: "Those deceitful fellows who went from place to place, buying and selling brass, pewter, and other goods, and merchandise, which ought to be uttered in open market, were of old so-called; and the appellation seems to grow from their uncertain wandering, like persons that with hawks seize their game where they can find it." While the modern legal conception of a peddler retains the basic essential idea of one who travels from place to place carrying goods which he exposes for sale, sells and delivers to whomever he might prevail on to buy, it, on the other hand, discards the ordinary, but non-essential attributes of this class as they originally existed. Thus, it is no longer true that a peddler is one who travels exclusively on foot. Locomotion is important but the manner thereof is immaterial. Neither is it necessary that a peddler be a wanderer, having no permanent local habitation. "A peddler is one who goes from place to place exhibiting his wares and actually selling them whenever he finds the opportunity." *Singleton* v. *State,* 14 *Ga. App.* 527, 530 (81 S. E. 596). It is quite plain that the defendant falls squarely within

this definition. See also *Gould* v. *Atlanta,* 55 *Ga.* 678; *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47); *Ezell* v. *Thrasher,* 76 *Ga.* 817. See also Code, § 92-1601, which was apparently repealed by the general tax act of 1935. See *Fidelity Fruit & Produce Co.* v. *Atlanta,* 183 *Ga.* 698 (189 S. E. 527). It makes no difference that the defendant did not own the goods sold or the truck in which they were transported, but that they were owned by a corporation by which he was employed in this connection. *Wrought Iron Range Co.* v. *Johnson,* 84 *Ga.* 754 (11 S. E. 233, 8 L. R. A. 273); *Bohannon* v. *Wrought Iron Range Co.,* 111 *Ga.* 860 (36 S. E. 907). "The person to whom the license to peddle is required to be granted, is he who travels and vends the goods and wares." *Howard* v. *Reid,* 51 *Ga.* 328; *Smith* v. *Whiddon,* 138 *Ga.* 471 (75 S. E. 635). Peddling is an occupation attaching to one who actually travels from place to place, carrying with him goods which he exposes for sale, sells and delivers to whomever he might prevail on to buy. If he is thus employed by another, his principal can not be said to be a peddler. In other words, an employer does not become a peddler because his agent is so employed, although the acts of the agent within the scope of his employment are considered as those of his employer. A person engaged in the business of selling and repairing automobiles may employ others to sell the cars and others to repair them, and such persons so employed in selling or repairing an automobile would be considered as representing his employer, but it could not be said that such employer thereby became a salesman and a mechanic. A corporation can act only through agents and can not therefore be a peddler as that term is used in our statutes. See *Wrought Iron Range Co.* v. *Johnson,* and *Singleton* v. *State,* supra. Therefore, the fact that the corporation for which defendant worked was authorized to carry on a business by its charter which entailed the peddling of its goods by those it employed, can, by no legal reasoning, exempt its agents, so employed, from the requirement of the statute.

It is further contended by counsel for the defendant that since he operated the "rolling store" on a fixed route, on a fixed schedule, and made only certain stops on the highway, to which points the people in the immediate vicinities came to buy his wares, that he was not guilty of peddling for the reason that each stop constituted a separate place of business of the corporation by which he

was employed. This position is untenable. In the first place the agreed statement of facts does not demand a construction that the defendant only stopped at certain designated places along the highway, but the construction that he would stop wherever there were customers for his goods is the much more reasonable one. Even so, there was no fixation of the place of business at the points on the highway where the "rolling store" stopped, and the fact remains that the defendant was carrying goods from place to place which he exposed for sale, sold, and delivered to whomever might desire to buy.

Counsel's position that the defendant was only shown to have sold "groceries and candy," and that both could be considered as agricultural products for the peddling of which he is not required to obtain a license, the argument as to the candy being that "candy is made from sugar, sugar is made from well-known Southern products," needs only to be stated to be answered. The judge did not err in adjudging the defendant guilty.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*