27750. CHAMBERS *v.* THE STATE.

DECIDED NOVEMBER 3, 1939.

*Stonewall H. Dyer,* for plaintiff in error.
*Stanford Arnold, solicitor, Charles H. Arnall,* contra.

MacINTYRE, J. The defendant, M. A. Chambers, admitted all the allegations of the accusation which charged him with operating a one and one-half ton motor vehicle as a rolling store in Coweta County without the payment of a county tax or securing a county permit. The defendant held a license to peddle which was issued to him by the ordinary of Coweta County under Code, § 84-2005, and his defense was that such license exempted his vehicle from the rolling-store act, approved February 16, 1938 (Ga. L. Ex. Sess., 1937-1938, p. 180). The defendant was convicted. His motion for new trial was overruled and he excepted.

The Code, § 84-2005 (which section has appeared in every Code in this State since the act of 1850), provides for exemption of disabled and indigent persons from the payment of a license to peddle *only.* The title of the act of 1938, supra, is: "Rolling-Store Motor Vehicles—Maintenance Tax." Section 1 of this act (pocket supplement of Book 26 of the Annotated Code of 1933, §§ 92-2950-92-2960), is in part as follows: "In order to construct and maintain the rural post roads of this State and to require *those using said roads* for the conduct of business to pay a portion of the cost of maintaining the same, there is hereby levied *upon each motor vehicle* used as a rolling store as hereinafter defined, from or at which goods, wares, merchandise, or commodities of any kind or descrip-

tion are sold or offered for sale at retail, an annual license on the following bases: . . In excess of one ton manufacturer's·rated capacity truck one hundred ($100.00) dollars per year or any fraction thereof. Provided, however, that any county may levy a license tax upon each rolling store operating within the county levying the same a license fee or tax not exceeding the tax prescribed by this bill for the State. It being the legislative intent that such counties may or may not levy such tax as herein provided at the discretion of the county authorities in each county. It is further provided that a trailer shall bear the same license as the unit drawing same." (Italics ours.) Section 2 of the act (Code, § 92-2952) which defines a "rolling store" is in part as follows: "The term 'rolling store' as used in this act shall be held to mean and include a motor vehicle of any kind or description traveling from place to place over the public roads and highways of the State of Georgia transporting goods, wares, merchandise, or other commodities and from or at which such goods, wares, merchandise, or other commodities so transported are sold or offered for sale at retail or exchange for goods, wares, or products of any kind or character whatsoever." Section 3 (Code, § 92-2953) declares: "The tax prescribed by this act shall be levied in addition to ad valorem tax, tag fees, or any other tax or license fee prescribed, levied, or exacted under existing laws not in conflict with this act." Section 6 (Code, § 92-9949), provides for and fixes the punishment for a violation of this act as a misdemeanor.

"A peddler is one who goes from place to place exhibiting his wares and actually sells them whenever he finds the opportunity." *Singleton* v. *State,* 14 *Ga. App.* 527, 530 (81 S. E. 596) ; *Crawley* v. *State,* 57 *Ga. App.* 378 (198 S. E. 549). "Only the person who itinerates for trading purposes is a peddler" (*Wrought Iron Range Co.* v. *Johnson,* 84 *Ga.* 754), and he alone is exempt under the Code, § 84-2005. See also *Roberts* v. *Eatonton,* 50 *Ga. App.* 592 (179 S. E. 144). It is a misdemeanor to peddle without a license, unless exempt as provided by law. It is likewise a misdemeanor to operate or conduct a motor vehicle which is of such a character and so operated as to bring it within the definition of a "rolling store" as defined in the act of 1938, supra, without paying the tax levied by the terms thereof. Thus peddling so relates to the person that it can not be done .for him by another, but must be done

by himself personally. Therefore the peddler's license partakes of and is limited primarily to the person, and it is immaterial how and in what character or size of vehicle he transports his goods and wares from place to place; whereas "the maintenance tax" provided for in the act of 1938, supra, is directed against the motor vehicle, and the amount of the tax is fixed by the size of the motor vehicle, and is allocated to the State Highway Department for the purpose of constructing, repairing, and maintaining the rural post roads in Georgia; and it is immaterial under this act who sells or how many persons sell the goods from the motor vehicle. The whole tenor of the act of 1938 is to levy a license tax upon motor vehicles used as a "rolling store" as therein defined. This act pertains primarily to the operation of a motor vehicle; whereas the law relative to peddling pertains primarily to the person. One who has paid for the license to peddle, or who has obtained an exemption under the Code, § 84-2005, may yet be guilty of operating a motor vehicle as a "rolling store" such as is defined in this act, just as one who has obtained a license to carry a pistol under the Code, § 26-5104, may yet be guilty of carrying that same pistol concealed under § 26-5101; and one may be found guilty of having and possessing whisky and yet be found guilty of selling the same whisky. It might be remembered that section 3 of the act above quoted prescribes that the tax fixed by the act is levied in addition to any other tax or license fee prescribed, levied, or enacted or exacted under existing laws not in conflict with that act. The imposition of a peddler's license fee does not embrace the imposition of the "maintenance tax" imposed by the act of 1938, and an exemption from the peddler's license fee does not embrace an exemption from the "maintenance tax" imposed by that act; for "if one imposition does not embrace both, one exemption does not embrace both." Knoxville Ry. Co. v. Harris, 99 Tenn. 684 (43 S. W. 115, 53 L. R. A. 921) ; City of Trenton v. Humel, 134 Mo. App. 595 (114 S. W. 1131). Therefore an exemption of an indigent or disabled person under the Code, § 84-2005, does not exempt such person from paying the tax levied in the act of 1938, supra, for operating a motor vehicle used as a "rolling store" as therein defined. See *Justice* v. *Atlanta,* 122 *Ga.* 152 (50 S. E. 64).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*