## HICKS v. THE STATE.

FISH, J.  1. Section 434 of the Penal Code, which provides that, "If any person shall sell, or offer to sell, any spirituous, alcoholic, or malt liquors, in any quantities, within a radius of three miles of any church or public or private schoolhouse, he shall be guilty of a misdemeanor," defines a complete affirmative offense ; and an accusation which charges one with the commission of such an offense and describes it in the language of that section is sufficient, without negativing an exception contained in a different section, viz. 435, to the effect that the provisions of the former section do not apply to an incorporated town or city. *Elkins* v. *State*, 13 *Ga.* 435; *Hester* v. *State*, 17 *Ga.* 133 (3) ; *Jordan* v. *State*, 22 *Ga.* 556 ; *Cook* v. *State*, 26 *Ga.* 605 ; *Williams* v. *State*, 89 *Ga.* 483.

2. It not being necessary to aver the negative of such exception, it follows that the State will not be required to prove it.

*Judgment affirmed.  All the Justices concurring.*

Submitted February 6, — Decided March 15, 1899.

Accusation of selling liquor.  Before Judge Hammond. City court of Griffin.  December term, 1898.

*T. E. Patterson*, for plaintiff in error.

*J. D. Boyd, solicitor*, contra.

---

## AUSTIN v. THE STATE.

COBB, J.  The evidence authorized the verdict.  The charges complained of, when taken in connection with other parts of the general charge, were not erroneous; and there was no error in refusing a new trial.

*Judgment affirmed.  All the Justices concurring.*

Submitted February 20, — Decided March 15, 1899.

Indictment for rape.  Before Judge Hutchins.  Gwinnett superior court.  September term, 1898.

*L. F. McDonald, Oscar Brown, John R. Cooper*, and *A. O. Nix*, for plaintiff in error.  *J. M. Terrell, attorney-general*, and *C. H. Brand, solicitor-general*, contra.