### AMERICAN MFG. CO. v. CITY OF ST. LOUIS, MO.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1924.)

#### No. 6331.

1. **Commerce ☞73—Percentage tax levied by city on sales in interstate commerce held unconstitutional.**

    A tax levied by a state or municipal corporation therein on the business of selling goods in interstate or foreign commerce, measured by a percentage of the gross sales, is a direct burden on and regulation of such commerce, in violation of Const. art. 1, § 8 (3).

2. **Appeal and error ☞917(1)—On review of judgment rendered on demurrer, facts must be taken as alleged in petition.**

    On review of a judgment rendered on demurrer to the petition, the facts must be taken as alleged in the petition.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action at law by the American Manufacturing Company against the City of St. Louis, Mo. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

S. Mayner Wallace, of St. Louis, Mo., for plaintiff in error.

Michael J. Hart, of St. Louis, Mo. (George F. Haid, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. The plaintiff brought suit against the defendant, the city of St. Louis, Mo., to recover the amount of a tax that the defendant had levied against it, and which the plaintiff alleged was illegal and was paid by it under legal compulsion. A demurrer was sustained to the petition, and, as the plaintiff declined to amend its petition, its suit was dismissed, and it prosecutes a writ of error.

The question which has been presented is whether the tax as described in the petition, substantially burdens and regulates commerce

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

between the states, in violation of section 8 of article 1 of the Constitution of the United States. The petition alleges the plaintiff to be a corporation organized under the laws of Massachusetts, and that it owns and operates factories, and has warehouses and offices, in a number of states. It alleges that some of the goods manufactured by it at St. Louis, Mo., were sold and shipped directly to purchasers in other states, and that some of them were shipped to its warehouses in other states, from which warehouses the products were sold and shipped to purchasers in other states. These properties were taxed and the taxes paid, and the plaintiff has paid all property, franchise, privilege, and occupational taxes levied under authority of the state of Missouri and the city of St. Louis. The petition does not set out the ordinances under which the tax complained of was levied, but alleges that they related to manufacturers, and required the payment by them, in addition to all other taxes, "of a further tax of $1 on each $1,000, or fractional part thereof, of the aggregate amount of all sales made by them within the period of a year then last past. Said alleged tax was and is by said ordinances expressly assessed directly upon and against such gross receipts, or upon all of said sales, specifically as such." The petition alleges an amount of its sales during a specified year, representing railway shipments made by the plaintiff from St. Louis directly to purchasers in other states, and an amount representing shipments by plaintiff of the goods from St. Louis to warehouses in other states, and sold to purchasers in states other than Missouri, and other than the states where the goods were warehoused. The plaintiff contends that this tax was illegally levied directly upon the sales in, and the gross receipts from, interstate commerce, while the defendant contends that the tax was legally levied against the plaintiff for the privilege of conducting the business of manufacturing in St. Louis.

[1] We are precluded from determining the real nature of the tax as expressed by the ordinances of St. Louis, because we are confined, by reason of the case having been determined on the averments of the plaintiff's petition, to the nature of the tax, as that petition describes it. The petition alleges this percentage tax to have been levied on the amount of all sales made by plaintiff within the year, and that, by the ordinances, it was assessed directly upon plaintiff's gross receipts or sales, specifically as such. The commerce clause of the United States Constitution forbids a state, or a municipal corporation therein, from levying a tax on the business of selling goods in interstate or foreign commerce, measured by a percentage of the gross transactions in such commerce, because such a tax is a direct burden on and regulation of such commerce, as it withholds from every transaction, for the use of the state, of a part of every dollar received. Crew Levick Co. v. Pennsylvania, 245 U. S. 292, 295, 296, 38 Sup. Ct. 126;[1] Cook v. Pennsylvania, 97 U. S. 566, 573, 24 L. Ed. 1015; Kehrer v. Stewart, 197 U. S. 60, 65, 25 Sup. Ct. 403, 49 L. Ed. 663; Postal Telegraph Cable Co. v. Adams, 155 U. S. 688, 695, 696, 15 Sup. Ct. 268, 360, 39 L. Ed. 311; U. S. Glue Co. v. Oak Creek, 247 U. S. 321, 328, 38 Sup. Ct. 499, 62 L. Ed. 1135, Ann. Cas. 1918E, 748.

The defendant does not question the invalidity of such a tax, but contends that this is an occupational tax, levied against the defendant

[1] 62 L. Ed. 295.

for the privilege of manufacturing its products at St. Louis, and cites the case of American Mfg. Co. v. St. Louis, 250 U. S. 459, 39 Sup. Ct. 522, 63 L. Ed. 1084, as controlling. In that case the court construed an ordinance, and that ordinance required every manufacturer in the city, before doing business, to take out a license, and thereafter to make a verified statement of his annual sales and to pay a license tax of $1 on each $1,000 of sales made. The Supreme Court of Missouri held that tax to be a tax on the privilege of manufacturing goods in St. Louis, and the Supreme Court of the United States found no objection to the imposition of a license tax, under state authority, in the nature of an excise upon the conduct of a manufacturing business in the city, even though the amount of the tax was measured by the amount of the sales of the goods manufactured, but declared its decision in Crew Levick Co. v. Pennsylvania, 245 U. S. 292, 297, 38 Sup. Ct. 126, 62 L. Ed. 295, not in opposition to the conclusion reached. That case materially differs from the case now presented, as it is not alleged that this ordinance requires any license to be procured, nor any tax to be paid because the plaintiff is a manufacturer, but in this case the tax is alleged to be assessed directly and specifically upon the gross receipts and sales.

The defendant cites other cases, such as Oliver Iron Co. v. Lord, 262 U. S. 172, 43 Sup. Ct. 526, 67 L. Ed. 929, to demonstrate that a state may impose an occupation tax on the business of mining or manufacturing in the state, and Pullman Co. v. Richardson, 261 U. S. 330, 43 Sup. Ct. 366, 67 L. Ed. 682, to the effect that the state may impose a fair tax on property in the state, and in so doing may use the gross receipts from both intrastate and interstate commerce as a measure of value, but they have no application to the facts in this case.

[2] The conclusion is that the tax described in the plaintiff's petition was not a property tax, nor an occupation tax for the privilege of conducting a manufacturing business in St. Louis, but was, as to some of the sales made by the plaintiff, a direct burden upon interstate commerce, beyond the power of the city to impose. The demurrer of the defendant to the petition should have been overruled, and the judgment is reversed, and the case remanded.

TRIEBER, District Judge. I concur in the result, upon the sole ground that the cause was determined on a demurrer to the complaint, and the complaint fails to show that the payments, sought to be recovered by this action, were authorized to be collected by the city as a license or occupation tax of a manufacturer.

In its answer the city may show the object of the tax in issue, and also set out, and at the trial introduce in evidence the ordinance of the city, under authority of which the taxes sought to be recovered by this suit were collected. When the issues are thus made up, the questions of law involved can be properly determined.