22297.   AMERICAN MILLS COMPANY *v.* DOYAL, tax-commissioner.

DECIDED JANUARY 7, 1933.

*Herbert J. Haas, Bertram S. Boley,* for plaintiff.

*George M. Napier, attorney-general, T. R. Gress, W. K. Meadow,* and *John A. Smith, assistant attorneys-general,* for defendant.

SUTTON, J.   This case was transferred to this court by the Supreme Court.   174 *Ga.* 631 (163 S. E. 603).   The American Mills Company, a Georgia corporation, engaged in business as wholesaler, jobber, and broker of certain articles of merchandise, brought suit against the State tax-commissioner for a refund of taxes collected from the company under the "sales-tax act" of August 29, 1929 (Ga. L. 1929, p. 103). The petition, as amended, alleges that petitioner transacts both intrastate and interstate business; that a tax was paid on the business transacted within the State, and no claim for refund with respect to this has been filed; that petitioner paid taxes on business transacted outside the State from October, 1929, to December, 1930; that business transacted outside the State constitutes business done in interstate commerce; that all taxes levied on gross receipts derived from business transacted outside the State are a burden on interstate commerce; that petitioner is

entitled to a refund of taxes paid on business transacted in interstate commerce, which refund defendant declined to make; and that an appeal to the State tax board was denied. The defendant demurred to the petition. In passing upon the demurrer the court considered an agreed statement of facts in which it appeared that the business transacted by the plaintiff outside this State was transacted through agents who solicited the business and mailed their orders to the plaintiff, which filled these orders from its warehouses located in this State. The court sustained the demurrer, and to this judgment the plaintiff excepted.

1. Where the contract is for the sale of an article and for its delivery to the buyer in another State, the transaction is one of interstate commerce. Addyston &c. Co. v. U. S., 175 U. S. 211, 246 (20 Sup. 96, 44 L. ed. 136); Shafer v. Farmers Grain Co., 268 U. S. 189 (45 Sup. Ct. 481, 69 L. ed. 909); Heyman v. Hays, 236 U. S. 178 (35 Sup. Ct. 403, 59 L. ed. 527); Crew Levick Co. v. Pennsylvania, 245 U. S. 292, 296 (38 Sup. Ct. 126, 62 L. ed. 295); American Express Co. v. Iowa, 196 U. S. 133 (25 Sup. Ct. 182, 49 L. ed. 417); Pennsylvania R. Co. v. Sonman &c. Co., 242 U. S. 120 (37 Sup. Ct. 46, 61 L. ed. 188); American Manufacturing Co. v. St. Louis, 296 Fed. 899, 900; *Kehrer* v. *Stewart,* 117 *Ga.* 969 (3) (44 S. E. 854). Interstate commerce consists of intercourse and traffic between the citizens or inhabitants of different States, and includes the purchase, sale, and exchange of commodities. Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 203 (5 Sup. Ct. 826, 29 L. ed. 158); Kidd v. Pearson, 128 U. S. 1, 20 (9 Sup. Ct. 6, 32 L. ed. 346).

2. It is a burden on interstate commerce for a State to lay a tax on the proceeds of interstate commerce, and a tax by a State upon the gross receipts of goods sold in interstate commerce is a tax on interstate commerce, and is contrary to the Federal constitution. Civil Code (1910), § 6644 (3); State Freight Tax Case, 15 Wall. 232, 276 (21 L. ed. 146); Fargo v. Michigan, 121 U. S. 230, 244 (7 Sup. Ct. 857, 30 L. ed. 888); McCall v. California, 136 U. S. 104, 109 (10 Sup. Ct. 881, 34 L. ed. 392); Crew Levick Co. v. Pennsylvania, supra; New Jersey Bell Telephone Co. v. State Board, 280 U. S. 338 (50 Sup. 111, 74 L. ed. 463); Hope Natural Gas Co. v. Hall, 274 U. S. 284 (47 Sup. Ct. 639, 71 L. ed. 1049); and see *City of Atlanta* v. *York Manufacturing Co.,* 155 *Ga.* 33 (116 S. E. 195).

3. In the instant case the sales-tax act under which this tax was collected from the plaintiff specifically provides that "There shall be excepted from the receipts of all persons . . taxed under this act any amount that may be derived from the business or income of such persons or companies as the State of Georgia is prohibited from taxing under the constitution of the United States of America." Ga. L. 1929, p. 103, 107. While the tax laid on the gross sales of this company was proper so far as its intrastate business was concerned (Lehigh Valley R. Co. v. Pennsylvania, 145 U. S. 200, 12 Sup. Ct. 806, 36 L. ed. 672; International Shoe Co. v. Shartel, 279 U. S. 429, 49 Sup. Ct. 380, 73 L. ed. 781), such a tax is illegal as to the gross sales of plaintiff made in interstate commerce, and the plaintiff is entitled to recover the same back in the manner provided in section 17 of the act of 1929. Ga. L. 1929, pp. 103, 111, et seq. This section provides that "If any person having . . paid the tax as provided by this act shall feel aggrieved by any assessment . . made against him by the State tax-commissioner, he may apply by petition to the State tax board. . . The State tax board shall promptly consider said petition and grant or deny such hearing. . . If the petition be denied, the petitioner shall be forthwith notified of the fact. If the petition be granted, the petitioner shall be notified of the time and place of such hearing. After such hearing the State tax board shall make such order in the premises as may appear to it to be just and lawful. . . Any taxpayer who shall be dissatisfied with any order of the State tax board may, within thirty (30) days after the rendition of such order, file his bill of complaint in the superior court of the county in which the tax accrued, setting forth his grounds of complaint. . . It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit." The complaint in this case being brought under the above section of the sales-tax act of 1929, the principle of law laid down in section 4317 of the Civil Code of 1910, and followed in *Strachan Shipping Co.* v. *Savannah,* 168 *Ga.* 309 (147 S. E. 555), and *Darby* v. *Vidalia,* 168 *Ga.* 842 (149 S. E. 223), is not applicable.

4. It follows that the court below erred in sustaining the demurrer to the plaintiff's petition and dismissing the same.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*