29378.   PYRON *et al. v.* ARNOLD.

DECIDED JULY 30, 1942.

744

*Lindley W. Camp,* for plaintiffs in error.

*E. Harold Sheats,* contra.

MacIntyre, J. (After stating the foregoing facts.) U. S. C. A. title 29, § 206, headed *"Minimum wages; effective date,"* pro-

vides: "(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates, . ." and fixes, as wages, minimum rates which are to be paid employees and which are to become effective on certain dates. § 207 is headed, *"Maximum hours,"* and provides: "(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce," and then fixes certain minimum hours of employment per week under varying circumstances. § 213 is headed, *"Exemptions,"* and provides: "(a) The provisions of sections 206 and 207 shall not apply with respect to . .;" and then recites eleven classes of employees to which they do not apply, and then provides: "(b) The provisions of section 207 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of title 49; or (2) any employee of an employer subject to the provisions of sections 1-27 of title 49." It then provides: "(c) The provisions of section 212 relating to child labor shall not apply with respect to any employee employed in agriculture," etc. The substance of the petition is that plaintiff was an employee of an employer engaged in commerce within the meaning of the fair labor standards act of 1938, and under sections 206 and 207 of said act the employer was required to pay minimum wages as set forth. The wages actually paid were materially less than provided by the act, and the prayer is for a recovery of the amount of the deficiency together with a like amount as penalty and an additional sum as attorney's fees.

Where there is "a general clause embracing a complete definition of the offense, a description of the offense according to that clause would be sufficient, even although exceptions were created by subsequent clauses, in the form of provisos or independent sections. In such a case, the benefit of the exceptions must be taken by plea." *Elkins* v. *State,* 13 *Ga.* 435, 439. Where a general clause in a statute provides in general terms that the commission of a given act by a person shall constitute a violation of the provisions of the statute, and then provides that the law thus framed shall not apply to a given class of persons, it is not necessary that a petition

based on the general clause should aver that the accused does not belong to the class of persons thus excepted from the operation of the law. *Kitchens* v. *State,* 116 *Ga.* 847 (43 S. E. 256).

Thus we have in U. S. C. A. § 206, supra, a complete prohibition for any one who is an employer engaged in "commerce," as that word is defined in the act, to do certain acts. This general clause in § 206 is applicable to all persons. Here the statute provides that it is a violation thereof for any employer to do certain acts, and then, in subsequent independent sections of the act, there are provisions that the statute shall not apply to that class of employees referred to in these subsequent sections. *Kitchens* v. *State.* supra. It is not necessary to state in the petition that the plaintiff does not come within the exceptions. 2 Bishop's Crim. Law, 2 ed., 497, 498, §§ 638, 639; *International Harvester Co.* v. *Morgan,* 19 *Ga. App.* 716, 721 (92 S. E. 35).

We think that U. S. C. A. title 29, § 206, which is codified as part of the act of Congress known as the fair labor standards act of 1938, contained in it, first, a general clause, and afterward this act contained separate and distinct sections which had the effect of taking out of the general clause something which would otherwise be in it. As it relates to the employers referred to in § 206, the party relying on the general clause in said section that "every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages," at a certain specified rate therein stated, may set out the general clause only, without noting the separate and distinct clauses which operate as exceptions, although the exceptions were created by subsequent clauses in the form of provisos, exemptions, or independent sections contained in the act. It was not necessary, in the petition, to negative the exceptions which were created by subsequent clauses in the form of provisos, exemptions, or independent sections. *Vavasour* v. Ormrod, 6 B. & C. 430 (108 Eng. Rep. 509); *Cook* v. *State,* 26 *Ga.* 593 (7), 605; *Hicks* v. *State,* 108 *Ga.* 749 (32 S. E. 665). The benefit of such exceptions must be taken by plea.

We think that the coverage as described in §§ 206, 207 of the fair labor standards act as related to the present petition does not deal in a blanket way with industries as a whole. Thus, in § 206 it is provided that every employer shall pay the statutory mini-

mum wage to "each of his employees who is engaged in commerce." It thus becomes an individual matter as to the nature of the employer of the particular employee. Some employers in a given industry may not be subject to the act at all; other employers in the industry may be subject to the act in respect to some of their employees, and not others; still other employers in the industry may be subject to the act in respect to all of their employees, except those specifically exempted. Foster v. National Biscuit Co., 31 Fed. Supp. 552, 553; Gates v. Graham Ice Cream Co., 31 Fed. Supp. 854; Bagby v. Cleveland Wrecking Co., 28 Fed. Supp. 271; Baggett v. Henry Fischer Packing Co., 37 Fed. Supp. 670; Berger v. Clouser, 36 Fed. Supp. 168; Fleming v. Arsenal Bldg. Cor., 38 Fed. Supp. 207, 212.

For the purposes of the fair labor standards act "commerce" is defined as meaning "trade, commerce, transmission, or communication among the several States or from any State to any place outside thereof." U. S. C. A. § 203 (b). The " 'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or any political division of a State, or any labor organization (other than when acting as an employer), or any one acting in the capacity of officer or agent of such labor organization." U. S. C. A. § 203 (d). Employee "means any individual employed by an employer." U. S. C. A. § 203(e).

It is not sufficient to only allege that the defendants were "engaged in [interstate] commerce," but the petition, in order to constitute a cause of action in either the Federal or the State court under the fair labor standards act of 1938, must allege that the plaintiff was an employee of the defendants, and that the employee was engaged in commerce; and "commerce" as it relates to the theory of the plaintiff's petition is defined by the act as meaning transportation "among the several States" (interstate commerce).

The judgment overruling the general demurrer to the declaration is reversed; and direction is given that the plaintiff have the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judgment of the trial court.

*Judgment reversed, with direction. Broyles, C. J., and Gardner, J., concur.*