30002. COLONIAL STORES INC. *v.* HARRIS.

DECIDED JUNE 8, 1943.

*Hirsch, Smith, Kilpatrick, Clay & Cody, Ernest P. Rogers,* for plaintiff in error.

*Louis M. Tatham, J. Richmond Garland, Benjamin B. Garland, W. E. Watkins,* contra.

MacIntyre, J. The fair-labor standards act (29 U. S. C. A. § 206) provides: "Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates," stipulating the rates to be paid to employees. § 207 of the U. S. C. A., supra, declares: "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce" for a work week longer than the hours fixed in this section, unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed. § 213 provides for certain exemptions from § .206 and § 207, supra. Subsection (b) of section 213 is one of these exemptions, and is as follows: "The provisions of section 207 of this title shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of title 49" of U. S. C. A. Some of the provisions of section 304 are: "(a) It shall be the *duty* of the Commission— (1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment. (2) To regulate contract carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and ·equipment. (3) To establish for private carriers of property by motor vehicle, if need

therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. In the event such requirements are established, the term 'motor carrier' shall be construed to include private carriers of property by motor vehicle in the administration of sections 304(c), 305, 320, 321, 322(a), (b), (d), (f), and (g), and 324 of this chapter."

This case turns upon the interpretation to be given to the exemption, by section 213(b) of title 29 U. S. C. A., as codified from the fair-labor standards act, of employees with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service, pursuant to the provisions of § 304(a) (3) in 49 U. S. C. A. The plaintiff (defendant in error) construed this to exempt employees of private carriers of property from the requirement of the fair-labor standards act only after the Interstate Commerce Commission has found need under the authority of said § 304 of 49 U. S. C. A. In other words, the section clearly implied the intention of Congress that the power of the commission with respect to private carriers should depend upon the finding by the commission that the regulation was needed. In short, that the word "duty" in the § 304 included the word "power," and that the section is the same as if it read the commission shall have power to establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements, etc. The defendant (plaintiff in error) was of the opinion that "power," in § 213(b) (1) of 29 U. S. C. A., meant the existence of the power and not its actual exercise.

The contention of the plaintiff was supported by Bayley v. Southland Gasoline Co., 131 Fed. 2d, 412, and his petition seems to be based on this case. The contention of the defendant is based on Richardson v. Gibbons Co., 132 Fed. 2d, 627. The Supreme Court of the United States granted a certiorari in the Bayley and the Richardson cases, and reversed Bayley v. Southland Gasoline Co., supra, (from 8th Circuit Court of Appeals), and affirmed Richardson v. James Gibbons Co., supra, (from 4th Circuit Court of Appeals), 87 L. ed. 903. Thus the contention of the defendant, as stated in the general demurrer, has in effect been

upheld by the Supreme Court of the United States. Therefore we follow the interpretation of the Federal statute in question by the United States Supreme Court, and accordingly hold that the trial court erred in overruling the general demurrer.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*