30179. ORANGE CRUSH BOTTLING COMPANY *v.* TUGGLE.

DECIDED SEPTEMBER 25, 1943. REHEARING DENIED NOVEMBER 20, 1943.

*Winfield P. Jones* and *F. L. Breen,* for plaintiff in error.
*Brandon, Matthews, Long & Nall,* contra.

SUTTON, J. The plaintiff sued the defendant to recover minimum wages, overtime compensation, improper deductions, liquidated damages, and attorney's fees, which he alleged were due un-

der the provisions of the Federal fair-labor standards act of 1938. His petition alleged substantially as follows: (1) defendant had its principal place of business in Fulton County, Georgia; (2) the contracts were made and the acts done in said county; (3) defendant was engaged in the manufacturing of soft drinks and the wholesale distributing of beer, soft drinks, and fruit juices in the City of Atlanta; (4) substantially all of the material and supplies used by defendant in the manufacturing of its soft drinks were obtained outside of the State of Georgia and transported in interstate commerce; (5) the beer and fruit juices sold by defendant were purchased in other States and transported by defendant into the State of Georgia and sold in the original packages; (6) beer and fruit juices were loaded from the trucks bringing them into the State of Georgia directly onto trucks delivering them to defendant's customers; (7, 8) defendant collected empty beer bottles and cases from its customers in Atlanta and vicinity and transported and sold the bottles outside of this State; (9) defendant owned and operated trucks which it regularly and customarily used to transport beer and fruit juices from other States into the State of Georgia, and to carry the empty bottles and cases from this State to other States in interstate commerce; (10) defendant was engaged in interstate commerce and the production of goods for interstate commerce within the meaning of the fair-labor standards act; (11) plaintiff was employed by defendant from June 7, 1940, through May 26, 1941; (12) plaintiff was employed to and did operate a route truck delivering beer, fruit juices, and soft drinks to customers of defendant in Atlanta and surrounding territory, and (13) was employed to and did purchase and collect empty beer bottles and cases from defendant's customers and carry them to defendant's plant in Atlanta; (14) the empty beer bottles and cases were carried out of the State of Georgia and sold by defendant in other States; (15) beer and fruit juices were loaded directly from trucks bringing them from other States onto the truck operated by plaintiff; (16) empty bottles and cases were loaded directly from the truck operated by plaintiff onto trucks carrying them from the State of Georgia to other States; (17) plaintiff assisted in unloading the trucks bringing beer and fruit juices from other States into this State in interstate commerce, and in loading the same onto the truck operated by him; (18) plaintiff

was required to work 72 hours each week; (19, 20, 21) from June 7, 1940, to July 5, 1940, his regular pay was $35 a week, and overtime pay due him by defendant under the fair-labor standards act amounted to $7.28 a week or $29.12 for the period; (22, 23) from July 5, 1940, to October 29, 1940, defendant was required by said act to pay plaintiff not less than $26.10 each week and from October 29, 1940, to May 26, 1941, was required by said act to pay plaintiff not less than $26.40 each week [making a total which defendant was required to pay plaintiff under said act for this period $1209.60 of which amount] the defendant paid him $1035, leaving the sum of $174.60 due plaintiff by defendant for this period; (24, 25, 26) during said period plaintiff was required to pay a helper $5 a week out of his compensation which was not a proper deduction under the fair-labor standards act, and defendant is indebted to plaintiff in the sum of $230 representing the amount paid the helper by plaintiff; (27) defendant is indebted to plaintiff in the sum of $433.72 for minimum wages, overtime compensation, and the amount paid said helper by plaintiff; (28) defendant has failed and refused to pay said sum or any part thereof; (29) defendant is indebted to plaintiff an additional equal amount as liquidated damages under the said fair-labor standards act; (30) reasonable attorney's fees for bringing the action were $350.

The defendant filed general and special demurrers to the petition. These were overruled, and the exception is to that judgment. There were 13 grounds of special demurrer. (1) Paragraph 4 of the petition was demurred to upon the ground that the petition failed to disclose what was meant by "substantially all of the material and supplies;" (2) paragraph 5 was demurred to upon the ground that it did not appear whether the beer and fruit juices purchased by defendant were delivered to defendant at its plant, nor how they were delivered; (3) paragraph 6 was demurred to upon the ground that it did not appear whether the beer and fruit juices were loaded from trucks bringing them into this State onto defendant's trucks for delivery to its customers at defendant's plant or at the railroad station, nor whether defendant owned them at the time of the unloading and reloading; (4) paragraph 7 was demurred to upon the ground that it did not appear how the empty bottles and cases were transported out of the State of Georgia, nor under what agreement they were transported; (5) paragraph 8

was demurred to upon the ground that it was not shown how, nor to whom the bottles were sold, nor the terms and conditions of the sale; (6) paragraph 9 was demurred to upon the ground that it did not disclose how the defendant transported the empty bottles and cases from the State of Georgia through and into other States; (7) paragraph 10 was demurred to upon the ground that the allegations were conclusions of the pleader with no facts alleged to support same; (8) paragraph 13 was demurred to upon the ground that it did not appear how plaintiff was employed to purchase, nor how he purchased the empty beer bottles and cases, and the terms of said purchase; (9) paragraph 15 was demurred to upon the ground that it did not appear how the beer and fruit juices in the original package were loaded from trucks bringing them from other States onto trucks operated by plaintiff; (10) paragraphs 16 and 17 were demurred to upon the ground that same were conclusions of the pleader with no facts alleged to support same; (11, 12, 13) paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29 and 30 were demurred to upon the grounds that it did not appear that the fair-labor standards act was applicable, and that the allegations were immaterial, irrelevant, and incompetent to bind defendant. "The requirement that a plaintiff shall 'plainly, fully and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence on which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." *Fuller* v. *Inman*, 10 *Ga. App.* 680 (3) (74 S. E. 287). The petition met the above requirements, and the judge did not err in overruling the grounds of special demurrer.

The defendant contends that the petition should have been dismissed upon the following grounds of general demurrer: (1) because it appeared from the allegations thereof that the defendant was not engaged in interstate commerce within the meaning of the fair-labor standards act of 1938; (2) because, even though the defendant might have been engaged in interstate commerce, it appeared that the plaintiff was not engaged in interstate commerce, and did not come within the scope of the Federal fair-labor standards act; (3) because it appeared that the plaintiff was a truck

driver engaged in a purely local or intrastate capacity, and the Federal fair-labor standards act was inapplicable under the terms of said act; (4) because it appeared from the allegations of the petition that the plaintiff was engaged in a retail and service establishment; and (5) because the petition failed to set out a cause of action.

In ground 1 of the general demurrer the defendant contended that the petition should have been dismissed because it appeared from the allegations of the petition that the defendant was not engaged in interstate commerce. The petition alleged that the defendant was a manufacturer of soft drinks and a wholesale distributor of soft drinks, beer, and fruit juices in the City of Atlanta; that substantially all of the material and supplies used in the manufacturing of the soft drinks were obtained by the defendant from sources outside of the State of Georgia and transported in interstate commerce; that the beer and fruit juices distributed by the defendant were obtained by the defendant from sources outside of the State of Georgia and transported in interstate commerce; that the beer and fruit juices sold and distributed by the defendant were loaded onto the delivery trucks of the defendant from trucks bringing them into the State of Georgia from other States; that the defendant bought and collected empty beer bottles and cases from its customers in Atlanta and vicinity and transported the empty bottles out of the State of Georgia and sold them in other States; that the defendant owned and operated trucks which it regularly and customarily used to transport beer and fruit juices from and through other States into the State of Georgia, and to transport the empty bottles and cases from the State of Georgia through and into other States; that the defendant was engaged in interstate commerce and in the production of goods for interstate commerce. " 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof." 29 U. S. C. A. § 203 (b). "Interstate commerce consists of intercourse and traffic between the citizens and inhabitants of different States, and includes the purchase, sale, and exchange of commodities." *American Mills Co.* v. *Doyal*, 46 *Ga. App.* 236 (167 S. E. 312). The defendant's purchase of beer and fruit juices in other States for transportation to the State of Georgia, and its transportation into the State of Geor-

gia was interstate commerce whether the delivery was made at the plant of the defendant in Atlanta, Georgia, or to the trucks of the defendant. Federal Trade Commission v. Pacific States Paper Association, 273 U. S. 53 (47 Sup. Ct. 255, 71 L. ed. 534); Dozier v. Alabama, 218 U. S. 124 (30 Sup. Ct. 649, 54 L. ed. 965, 28 L. R. A. (N. S.) 264). The defendant's purchase of empty beer bottles and cases within the State of Georgia for transportation and sale in other States, and the transportation of the empty bottles from the State of Georgia into other States and their sale in other States was interstate commerce. The interstate commerce included the purchase quite as much as it did the transportation. Currin v. Wallace, 306 U. S. 1, 10 (59 Sup. Ct. 379, 83 L. ed. 441), and cit.; Klotz v. Ippolito, 40 Fed. Supp. 422 (2). The allegations of the petition were sufficient, as against the general demurrer, to show that the defendant was engaged in interstate commerce, and the judge did not err in overruling this ground of the general demurrer.

In ground 2, the defendant contended that the petition should have been dismissed because, even though the defendant might have been engaged in interstate commerce, it appeared that the plaintiff was not engaged in interstate commerce and did not come within the scope of the Federal fair-labor standards act. This court has held that where a petition is brought under the provisions of the Federal fair-labor standards act, it is necessary to allege that both the plaintiff (employee) and the defendant (employer) are engaged in interstate commerce, for the reason that in any given business some employees may be covered by the act while others may not, and that it is an individual matter as to the nature of the employment of the particular employee as to whether or not he is covered by the provisions of the act. Pyron v. Arnold, 67 Ga. App. 742 (2, 3) (21 S. E. 2d, 461). In the case at bar the petition alleged that the plaintiff was engaged to do, and that he did three things in his employment for the defendant: (1) he operated a route truck delivering beer, fruit juices, and soft drinks to customers of the defendant in Atlanta and vicinity; (2) he purchased and collected empty beer bottles and cases from the defendant's customers in Atlanta and vicinity and carried them to the defendant's plant in Atlanta where the defendant transported the empty bottles out of the State of Georgia and sold them in other States;

and (3) he assisted in unloading trucks bringing beer and fruit juices from other States into the State of Georgia, and assisted in loading the same on the delivery truck operated by him for the defendant. As against the general demurrer, these allegations were sufficient to show that the plaintiff was engaged in interstate commerce. The applicability of the Federal fair-labor standards act is dependent upon the character of the employee's work. Kirschbaum v. Walling, 316 U. S. 517 (62 Sup. Ct. 1116, 86 L. ed. 1638); Walling v. Jacksonville Paper Co., 317 U. S. 564 (6), 571 (63 Sup. Ct. 332, 87 L. ed. 393). "Where an employee is engaged both in interstate and intrastate commerce, he is, for the purposes of the act, engaged in interstate commerce." Lorenzetti v. American Trust Co., 45 Fed. Supp. 128. The petition alleged that one of the duties of the plaintiff was to purchase and collect empty beer bottles and cases and carry them to the defendant's plant in Atlanta, Georgia, where the defendant transported them out of the State of Georgia and sold them in other States. "Where goods are purchased in one State for transportation to another, the commerce includes the purchase quite as much as it does the transportation." Currin v. Wallace, 306 U. S. 1, 10, 59 Sup. Ct. (supra), and cit. The petition also alleged that the plaintiff assisted in unloading the trucks bringing the beer and fruit juices from other States into the State of Georgia, and in loading the same upon the delivery truck operated by him for the defendant. "The unloading at destination of an interstate shipment is work in interstate commerce, whether done by the carrier or another." Fleming v. Jacksonville Paper Co., 128 Fed. 2d, 395 (7), 398, citing Baltimore & O. S. W. R. v. Burtch, 263 U. S. 540 (44 Sup. Ct. 165, 68 L. ed. 433); Puget Sound Stevedoring Co. v. Tax Commission, 302 U. S. 90 (58 Sup. Ct. 72, 82 L. ed. 68). The allegations of the petition were sufficient, as against the general demurrer, to show that the plaintiff was engaged in interstate commerce, and the judge did not err in overruling ground 2 of the general demurrer.

In ground 3, the defendant contended that the petition should be dismissed, because it appeared that the plaintiff was a truck driver engaged in purely a local or intrastate capacity, and the Federal fair-labor standards act was inapplicable under the terms of said act. The petition alleged that the plaintiff had duties

other than driving the delivery truck of the defendant, in that he had the duty of purchasing and collecting empty beer bottles and cases which were transported out of the State of Georgia by the defendant and sold in other States, and the duty of assisting in unloading trucks bringing beer and fruit juices from other States into the State of Georgia and in loading the same upon the delivery truck operated by him for the defendant. Under these allegations the plaintiff was not a truck driver engaged in purely a local or intrastate capacity, and the judge did not err in overruling ground 3 of the general demurrer.

In ground 4, the defendant contended that the petition should be dismissed because it appeared from the allegations that the plaintiff was engaged in a retail and service establishment. "The provisions of sections 206 and 207 of this title shall not apply with respect to (1) any employee employed in a . . local retailing capacity . . or (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." 29 U. S. C. A. 213 (a) (1, 2). The petition alleged that the defendant was a wholesale distributor of beer, fruit juices, and soft drinks, and that both the plaintiff and the defendant were engaged in interstate commerce. "The applicability of the fair-labor standards act does not depend on whether a wholesaler's business is wholly interstate, but rather on the character of the employee's activities." Walling v. Jacksonville Paper Co., 317 U. S. 564 (6) (supra). The judge did not err in overruling ground 4 of the general demurrer.

In ground 5, the defendant contended that the petition failed to set out a cause of action. The substance of the petition was that both the plaintiff and the defendant were engaged in interstate commerce, and that the defendant was obligated to pay the plaintiff the minimum wages and overtime compensation provided by the Federal fair-labor standards act of 1938 (29 U. S. C. A. §§ 201 et seq.) and that the wages paid the plaintiff were substantially less than those provided by sections 6 and 7 of that act (29 U. S. C. A. §§ 206, 207) ; that the plaintiff had been required to make certain illegal payments to a helper which had been deducted from his compensation and for which he was entitled to be reimbursed by the defendant. The prayers of the petition were for a recovery of the minimum wages, overtime compensation, liquidated dam-

ages, and attorney's fees. The petition set forth a cause of action, and the judge did not err in overruling ground 5 of the general demurrer. *Adair* v. *The Traco Division,* 65 *Ga. App.* 110 (15 S. E. 2d, 306); *Kay* v. *Kuhlman,* 68 *Ga. App.* 258 (22 S. E. 2d, 667).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*