30617.   KAY, administrator, *v.* KUHLMAN.

DECIDED MARCH 1, 1945.

*Joe M. Lang,* for plaintiff.
*Barry Wright, Y. A. Henderson,* for defendant.

BROYLES, C. J.   P. J. Kay, as administrator of Dewitt Kay, deceased, brought this suit against Vern Kuhlman, under the

United States fair-labor standards act (29 U. S. C. A., §§ 206 and 207), to recover unpaid minimum wages and overtime compensation, and an additional equal amount as liquidated damages, and $300 as attorney's fees. The petition was demurred to generally and specially. The court sustained the general demurrer, without passing upon the special demurrers; and this court held that it had jurisdiction of the case, and that "the petition set out a cause of action, and the court erred in dismissing it on general demurrer." 68 *Ga. App.* 258 (22 S. E. 2d, 677). When the case again came on for trial, a verdict for the plaintiff was returned; and the defendant's motion for a new trial was granted by the court. That judgment was not excepted to. On the trial now under review, the court, at the conclusion of the evidence for the plaintiff, granted the defendant's motion for a nonsuit, and that judgment is assigned as error in the present bill of exceptions.

Section 206 of the above-stated act provides: "(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—(1) during the first year from the effective date of this section, not less than 25 cents an hour, (2) during the next six years from such date, not less than 30 cents an hour." The effective date of the section was June 25, 1938 (fair-labor standards act, § 201); and the time involved in this suit was from July 1, 1940, to February 18, 1941. Therefore, the minimum wage here involved was 30 cents an hour.

The petition alleged that the employee was entitled to recover certain unpaid minimum wages at the rate of 30 cents an hour, and also certain wages for overtime work, "and an equal amount as liquidated damages, and also $300 as attorney's fees." Sections 201-219 of the act provide for the recovery of those items under certain circumstances where the employee is engaged in interstate commerce, but section 206 of the act does not provide for additional pay for overtime work. However, counsel for the plaintiff contends that this suit is brought under sections 206 and 207 of the act, and that the latter section does so provide. But it is expressly stated in section 213 (b) of the act that section 207 shall not apply to any employee coming under the jurisdiction of the Interstate Commerce Commission; and it

appears from the facts stated in the instant petition that the employee was under such jurisdiction. In *Southland Co. v. Bayley,* 319 U. S. 44, 48, the court said: "By exempting the drivers of motors from the maximum hour limitations of the fair-labor standards act, Congress evidently relied upon the motor-carrier provisions to work out satisfactory adjustments for employees charged with the safety of operations in a business requiring fluctuating hours of employment, without the burden of additional pay for overtime." See also, to the same effect, *Colonial Stores* v. *Harris,* 69 *Ga. App.* 476 (26 S. E. 2d, 144). Therefore we hold that the provisions of section 207 of the act are not applicable to this suit, and that under the pleadings the plaintiff was entitled to recover unpaid minimum wages only.

Upon the trial, the evidence for the plaintiff showed that the employee made many long-distance trips for the defendant, worked many hours, and received various sums of money from the defendant as wages. However, the evidence failed to show the exact or the approximate number of hours that he worked in any work week and failed to establish that the sums of money actually paid to him by the defendant did not amount to 30 cents an hour for his work on those trips. And the burden was upon the plaintiff to establish by a preponderance of the evidence that the employee had not been paid the minimum wages to which he was entitled under the fair-labor standards act. *Lowrimoore v.* Union Bag & Paper Corp., 30 Fed. Supp. 647.

It is true that the previous decision of this court, holding that the petition was not subject to general demurrer, has become the law of the case; but that decision is not in conflict with our present ruling, for the petition set out a cause of action for the recovery of unpaid minimum wages, under section 206 of the act, and, therefore, was not subject to general demurrer; and, if the allegations of the petition had been supported by the evidence, the plaintiff would have been entitled to recover any unpaid minimum wages due the employee. The court did not err in granting a nonsuit.

*Judgment affirmed.   MacIntyre and Gardner, JJ., concur.*