## LEE v. SOUTHERN AIRWAYS INCORPORATED.

HEAD, Justice. 1. The provisions of the Fair Labor Standards Act as to minimum wages and overtime pay (U. S. C. A., Title 29, §§ 206, 207) do not apply to all employers and employees. The exemptions from the provisions of §§ 206, 207 are numerically stated in § 213 (U. S. C. A., Title 29). the fourth being: "(4) Any employee of a carrier by air subject to the provisions of §§ 181-188 of Title 45 [U. S. C. A.]," which latter sections of the Railway Labor Act (Title 45, U. S. C. A.), and §§ 151, 152, 154, and 163 of said act, are made applicable to wage disputes between the employer and employees of carriers by air engaged in interstate commerce. Under such sections it is made the duty of the employer and employees to settle disputes as to rates of pay, rules, and working conditions, and such sections provide the method and manner of adjusting disputes not settled by the employer and employees.

2. In this case, the plaintiff having based his action on provisions of the Fair Labor Standards Act (U. S. C. A., Title 29, §§ 206, 207) not ap-

plicable to him, his attack on § 3-704 of the Georgia Code Ann., as violating stated provisions of the Federal Constitution, will not be ruled upon, since such attack, even if sustained, would not benefit him in this case.

3. The brief of evidence shows that certain checks for overtime pay were issued by the defendant to the plaintiff. It is not necessary that we express any opinion as to whether or not the evidence shows that these payments were made in an amicable adjustment of the controversy between the parties as to rates of pay under the Railway Labor Act applicable to carriers by air in interstate commerce, since the plaintiff and the defendant are exempted from the provisions of the Fair Labor Standards Act, relied upon by the plaintiff to support a recovery by him. It follows that the judgment denying the motion for new trial must be affirmed. *Judgment affirmed. All the Justices concur.*

No. 15758. MAY 13, 1947. ADHERED TO ON REHEARING JULY 11, 1947.

*H. Fred Gober* and *Dunaway, Riley & Howard,* for plaintiff.
*Harold Sheats,* for defendant.

## ON REHEARING.

In his motion for rehearing the plaintiff in error contends that this court overlooked the rule stated in *Pyron* v. *Arnold,* 67 *Ga.*

*App.* 742 (21 S. E. 2d, 461), where it was held that an employee may bring an action for wages alleged to be due under the general provisions of § 206 of the "Fair Labor Standards Act," without reference to the exceptions to the general provisions of such section; and that in such instance benefit of the exceptions must be taken by plea. The rule stated in the *Pyron* case is not in conflict with any ruling made in this case. In the *Pyron* case, the allegations of the petition did not show that the plaintiff's claim came within the exceptions to the general provisions of § 206. In the present case, the allegations of the petition definitely placed the plaintiff's claim within the exceptions to the general provisions of § 206, and the plaintiff could not recover. On rehearing, the judgment of affirmance is adhered to.