33533. REESE *v.* ALTERMAN *et al.*

DECIDED MAY 23, 1951. ADHERED TO ON REHEARING JULY 27, 1951.

*Phillips, Johnson & Williams,* for plaintiff.
*Arnall, Golden & Gregory,* for defendants.

GARDNER, J. This case is in this court upon the sustaining of a general demurrer to the petition of the plaintiff, as amended. The amended petition discloses that from January 26, 1950, until September 23, 1950, the plaintiff was employed by the defendants, who were engaged in the wholesale grocery business in Atlanta, which business consisted in the buying, selling and distributing of goods, received from outside the State and of rerouting some of such goods to retail stores both within and without the State of Georgia. During this time there was in force the Fair Labor Standards Act of the Congress, known as the Wage and Hour Law, regulating the wages and hours of these employees engaged in commerce or in the production of goods in interstate commerce. See U.S.C.A. sec. 201 et seq. The question is, was the plaintiff engaged in the performance of such duties with the defendants, a large portion of whose business was in interstate commerce, as would bring him within the wage

and hour provisions of said law? Said act provides that "Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates," stipulating the rates to be paid to employees, and that "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce" for a work week longer than 40 hours unless such employee receives compensation therefor in excess of 40 hours at a rate of not less than one and a half times the regular rate. 29 U.S.C.A. secs. 206, 207.

Therefore, in order for the defendants to be liable under the provisions of the Wage and Hour Law for the overtime compensation sued for by the plaintiff employee, it is necessary that the plaintiff be "engaged in commerce or in the production of goods for commerce." *Pyron* v. *Arnold,* 67 *Ga. App.* 742 (21 S. E. 2d, 461). It is sufficient if a substantial portion of the plaintiff's duties in his employment with the defendants is "in commerce or in the production of goods for commerce." *Orange Crush Bottling Company* v. *Tuggle,* 70 *Ga. App.* 144 (27 S. E. 2d, 769). Employees performing both exempt and non-exempt work during the same work week are entitled to the overtime compensation as provided for under the above law. Northshore Corp. *v.* Barnett, 143 Fed. (2d) 172.

It does not appear as a matter of law that the plaintiff is entitled to recover. However, the petition, as amended, makes a case for submission to the jury to determine whether or not the work of the plaintiff or a substantial portion thereof was "in commerce or in the production of goods for commerce" so as to bring him within the wage and hour provisions of said Fair Labor Standards Act.

Neither does it appear as a matter of law that the work of the plaintiff was such as to exempt him from the wage and hour provisions of said act under § 213 (b) (1) of 29 U.S.C.A., which provides: "The provisions of § 207 of this Title shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of § 304 of Title 49 of the U.S.C.A." See

*Colonial Stores* v. *Harris,* 69 *Ga. App.* 476 (26 S. E. 2d, 144), holding that in order for the employee not to come under said act, it is not necessary that the Interstate Commerce Commission shall actually undertake the regulation of his employment, but it is sufficient if he falls within the class over which that body has been invested with the power to control and regulate. See Southland Gasoline Co. *v.* Bayley, 319 U. S. 44, 48 (63 Sup. Ct. 917, 87 L. ed. 1244). It does not appear affirmatively from the petition, as amended, that the duties of the plaintiff with the defendants were such as to bring him within the regulatory powers of the Interstate Commerce Commission by virtue of the Motor Carriers Act, supra. Therefore, in order for the defendants to avail themselves of the defense that the plaintiff was exempt from the Wage and Hour Law by its express provisions (29 U.S.C.A. § 213 (b) (1)), and subject to regulation by the Interstate Commerce Commission, such defense would have to be raised by a special plea interposed by the defendants. *Pyron* v. *Arnold,* supra. In *Pyron* v. *Arnold,* this court held that "the party relying upon the general clause in said section (29 U.S.C.A. § 206), that 'every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages', at a certain specified rate therein stated, may set out the general clause only, without noting the separate and distinct clauses which operate as exceptions, although the exceptions were created by subsequent clauses in the form of provisos, exemptions, or independent sections: The benefit of such exceptions must be taken by plea." In that case it appeared from the plaintiff's petition brought by the employee, that the defendant employers were engaged in the transportation business and engaged in commerce within said statute, and, therefore, subject to the provisions of sections 6 and 7 of said law, and that the plaintiff therein was an employee as defined in the act. The court said that it was not necessary for the plaintiff employee to allege in the petition that he did not come within the exemptions as set out in section 13 (b) (1) of said act.

It is urged that it appears from the plaintiff's petition that he drove a truck or trucks of the defendants in the delivering of such goods as they handled to places outside of Georgia, part

528

of which came to their warehouse outside the State, and that, therefore, it appears from the petition of the plaintiff as amended, that he falls within the exemption set out in said act and is, therefore, subject to be regulated as to his hours by the Interstate Commerce Commission. We do not think the petition affirmatively shows that the plaintiff was subject to be so regulated. It was a question for the jury to decide whether the duties of the plaintiff were such as to bring him within such regulations. The question whether or not a substantial portion of the plaintiff's duties were such as to bring him within the regulatory powers of the commission was one of fact and the petition did not as a matter of law show him subject thereto. See Baret v. Koppers Co., 6 F.R.D. 465; McComb v. Del Valle, 80 Fed. Supp. 945; Northshore Corp. v. Barnett, 143 Fed. (2d) 172. There is nothing to the contrary in *Kay* v. *Kuhlman, 72 Ga. App.* 129 (33 S. E. 2d, 378), nor in the decisions therein referred to, to the contrary of what we now hold, which is that the petition does not affirmatively show that the plaintiff is exempted under said act and subject to the regulatory powers of the Interstate Commerce Commission, and that where a petition of an employee brought to recover overtime compensation under the Fair Labor Standards Act does not affirmatively show such fact, in order for the defendant employers to avail themselves of the exceptions provided for therein, it is necessary that a special plea setting up such facts be filed, and that no such plea was filed in this case. Therefore, plaintiff's petition, as amended, made a case for submission to a jury and it was error for the court to dismiss the same on general demurrer.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*